Huston, J.
John and Daniel Elliott filed in the office of the prothonotary of Dauphin county a claim for materials, as follows:
‘‘John A. Hills, undertaker, and John Buffington, owner of the building, debtor to John and Daniel Elliott of the city of Philadelphia, material men, — for glass and paint, and materials furnished and delivered to John ft. Hills on the 1st of July, 1822, for erecting and constructing a certain three-story brick, &c. (describing it very precisely,) and now in the possession of John Buffington aforesaid, viz.—
48 Lights, (Eng. Crown Glass,) Breakage of this size,
40 Lights, (Chelmsford Glass,) 70 ditto, (French,)
20 ditto, (Chelmsford,) •
20 ditto, (ditto,)
12 ditto, (ditto,)
96 ditto, (French,)
48 ditto, (Hambui’g,)
100 lbs. of White Lead,
Package and Porterage,
17 by 12 at 45 cts. §19,60
4 ditto 1,80
17 by 12 8,40
16 by 13 at 22 cts. -15,40
16 by 11 at 17 cts. 3,41
15 by 11 at 16 cts. 3,20
13 by 11 at 15 cts. 1,80
15 by 12 atl8fcts. 18,00
8 by 10 at 50 cts.pr.doz. 2,00
.....12,77
.....4,81
§91,18
*57 “Please to enter a lien on the property above described, in the Court of Common Pleas of Dauphin county, for the sum of ninety-one dollars and eighteen cents, being the amount of the bill above stated. John Roberts, for J. and D. Elliott.
“ Thomas Walker, Esq., Froth.
“Filed Dec. 30th, 1822.”
A scire facias issued on this claim — an arbitration took place; an award was made for the plaintiffs, and an appeal entered by Buffington, who alone pleaded; and, on issue joined, a jury were sworn inadvertently, I suppose, against both defendants. After the cause had progressed some time, Mr. Elder, as counsel for Hills alone, moved the court to dismiss the jury — they having by mistake been sworn as against Hills: the court refused to do so: then writ of error is taken out and prosecuted by.Buffington alone: neither Hills nor his counsel interfere. To be sure it was singular to swear the jury in that way; and if Hills had been injured or complained, it might have required consideration, but Buffington is not injured, and we do not sit to reverse for every trifling irregularity or oversight, especially where no injury is done. The verdict and report of arbitrators are each for the amount of the plaintiffs’ claim.
After the jury were sworn, “ the counsel for the plaintiff, in order to support the issue on his part, offered to read in evidence to the jury the lien filed by the plaintiff in this cause,” (prout, &c.) This was objected to, and admitted, and a bill of exceptions sealed. I was disposed to get over this by supposing it was merely offered to read it as a specification of the plaintiffs’ claim — not as evidence of the sale and delivery of the articles — not as evidence at all — but as that to which the evidence to be given was to apply. But the record will not bear this construction: it was offered and received as evidence to the jury. Now, it was no evidence that such articles were furnished, nor of the sale and delivery of any of them, and could only be shown as a narr. or statement of the plaintiffs’ claim, to which the evidence of sale and delivery was to apply. There is error, therefore in receiving this as evidence to the jury.
The plaintiffs then offered to read to the jury a letter of J.A. Hills to the defendants, dated Harrisburg, June 20th, 1822, as follows:
“Dear Sir — I received your favour of the 17th instant, in which you mention the prices of crown glass. I shall want glass, the sizes as follows:—
708 Panes, - - - 12 by 17 Crown.
40 Ditto, - - - - 12 by 17 American.
850 Ditto, - - - - 12 by 16 Ditto.
324 Ditto, - - - - 12 by 15
12 Ditto, - - - - 11 by 13
20 Ditto, - - - - 11 by 16
20 Ditto, - - - - 11 by 15
Two Boxes, - - - - 8 by 10
*58 “ The American is good enough for the upper stories, and is much cheaper, I expect. Mr. North says from twelve to fourteen dollars per hundred feet. You will endeavour to put the glass as low as possible. Inform me of the price of white lead, as I shall want several hundred weight.” Nothing further in this letter. In another, of the 28th of June, he says,
“I shall want the glass next week. The buildings I have to complete by the 1st of November, and in the last of the same month I shall be in the city; but, if you want the cash before, you can have it by dropping me a few lines. ”
In another letter he acknowledges the receipt of the glass and the white lead; but nothing is said as to what buildings, or whose buildings he was erecting.
The book of the plaintiff, or rather a copy duly proved, was offered in evidence; in which, under date of July 2d, 1822, is entered, “John A. Hills, of Harrisburg, debtor.” And then follow entries of glass of different descriptions by the box, according to the above bill, and two hundred and twenty-five pounds of white lead, and cotton for package to the amount of twelve dollars and sixteen cents, and porterage; amounting in all to two hundred and fifty-five dollars and seventy cents.
These were severally objected to and admitted, and bills of exception taken and sealed. I shall take them together, as the same objection applies to all. It is, that the evidence does not correspond with or support the claim; that the materials do not appear to have been furnished for this or any other particular house; it only proves a sale to Hills on his own credit, and would not, if admitted, make out a case on which the plaintiffs could recover. The act of the 17th of March, 1806, is not penned with such precision as to preclude all difficulty in applying it to the several cases which arise. “Every house shall be subject to the payment of debts contracted for, or by reason of any work done, or materials found and provided by any briekmaker, &c., or any other person or persons employed in furnishing materials for, or in erecting and constructing such house.” In Hinchman v. Graham, 2 Serg. & Rawle, 170, the late Chief Justice filled up the ellipsis in the last clause of the sentence, by inserting the word used, or, used in the erecting, &c. New men feel more respect for that judge than I do; but in this case the attention of the court was drawn to the previous clause, furnished for, &e. By referring the last clause to the words persons employed, the sense is complete without the insertion of any word, persons employed in furnishing materials, or in erecting, or employed in erecting.
A lumber merchant purchases on credit one hundred thousand feet of boards, to sell and make profit. He changes his intention, and erects two or three houses, and uses half of the boards therein. If his creditor for this lumber, has a lien on those houses, he has *59 what neither himself, nor the buyer, nor as I believe the legislature, ever intended.
A storekeeper purchases in Philadelphia, in the usual course of his business, glass, locks, hinges, nails, &c.: he erects a house or houses; the merchant was not intended to have a lien on those houses, for the price of so much of those articles as may be used.
If John Buffington before he paid Hills, had gone to Philadelphia, and inquired of Messrs. Elliott and inspected their books, he would have found nothing affecting him or his house; probably they had never heard his name: unless we hold that if a mechanic has an open account with a merchant, the balance of that account can be made a lien pro tanto on every house in which a pane of glass, a lock, or a hinge was used.
The materials must be furnished on the credit of a particular house; such must be the understanding at the time. The charges must be made in such a manner, that the owner, if he applies to the material man before he pays the architect, may be able to discover the liability of his house. The law fixes the lien on the sale and delivery of the goods for a particular house, unless perhaps in case of fraud.
In the present case, I would say that the judge might have received all the facts in evidence, and then have given his opinion to the jury, that on those facts a lien was not created; or, he might have said the account offered in evidence was not the one filed, and rejected it. I would prefer the first mode of proceeding. I do not approve of the mode of trying causes on bills of exceptions to testimony, though if the whole evidence will not make out a case for the plaintiff^ the court may reject it. The jury are sometimes misled by such evidence, and it wastes time; these are the objections to admitting the evidence. But still I would admit it, excepting a ease where it did not apply to and conform to the narr. and statement.
In this case, the error seems to have originated in considering the claim filed as evidence of the facts contained in it: it was no evidence at all: it was that to which the evidence was to apply.
Judgment reversed, and a venire facias de novo awarded.