.[PHILADELPHIA, FEBRUARY 13, 1837.]

## M'MULLIN against GILBERT.

### IN ERROR.

The book of original entries of the plaintiff is admissible in a *scire facias* on a claim under the mechanics' lien law, to prove that the materials for which the suit was brought, were furnished at and for the particular building which is the subject of the lien.

ERROR to the District Court for the City and County of Philadelphia, to remove the record of a *scire facias* upon a mechanic's claim, brought by William Gilbert against John T. M'Mullin.

The claim was filed according to the act of assembly, against John T. M'Mullin, owner, and James Rue builder, for bricks, amounting to $134,90, furnished to a certain brick-building, " situate on the east side of Delaware Sixth street in the City of Philadelphia, at the distance of      feet northward from the north side of Race street."

(M'Mullin *v.* Gilbert.)

On the trial of the cause before Judge Stroud, the plaintiff first offered his book of original entries, after proving the entries, which were in these words, viz.

" (Date.)
    J. T. M'Mullin, Dr.   House Sixth st. between Race and Vine st.
        To 2000 brick, at $6 50 per M.                    $13,00."
" (Date.)   J. T. M'Mullin, Dr.
        To 3000 common brick,                             $19,50."

All the remaining entries (making up the amount of the plaintiff's bill,) were of the same character as the last.   The entries were of a date between June and December, 1830.

The defendant's counsel objected to the admission of the book, but the judge overruled the objection and admitted the entries; upon which the defendant's counsel excepted.

A witness was then produced, who proved the delivery of the bricks at the building, and their usual price at the time.

A verdict passed for the plaintiff, and the defendant took a writ of error.

The cause was submitted without argument.

Mr. *Ingraham,* for the plaintiff in error.

Mr. *Miles,* for the defendant in error.

Per Curiam.—The original entries were certainly competent evidence of sale and delivery, and what more did they purport to prove? barely that the materials were furnished on the credit of a particular house.   But in *Hills* v. *Elliott,* (16 *Serg. & Rawle,* 56,) it was ruled that unless credit be given to the building, there can be no lien on it, though the materials be used in the construction of it. What better evidence can there be of the subject of the credit, than the subject to which it is charged? It is impossible to imagine an objection to the evidence.

                                        Judgment affirmed.