# Garrison *v.* Van Luven, Appellant.

*Mechanic's lien—Evidence—Book accounts.*

1. On a scire facias sur mechanic's lien it appeared that the defendant denied in his affidavit of defense that the work had been done and materials furnished on the credit of the building. Plaintiff offered his books of original entry for the purpose of showing that the charges had been made against the particular building which was the subject of the lien. The only objection to their admission was as to the heading of the account, which indicated the building. *Held,* that there was no error in admitting the books.

2. Where a mechanic's lien is filed on an oral contract for the electrical equipment of a building for a gross sum, and the claim shows that labor and material were furnished to an amount of only about eighty per cent of the contract price, but the defendant does not move to strike off the claim, but proceeds to trial, and it appears that the difference between the contract price and the amount claimed was due to a change of the owner's plans, and that certain material amounting in value to the difference had not been furnished, the plaintiff is entitled to produce evidence to establish the relative proportions and value of the work done and the work omitted in order to establish his right to recover the contract price less the value of the work omitted.

*Appeals—Assignments of error—Refusal to strike out evidence—Exceptions.*

3. An assignment of error to the refusal of the court to strike out evidence will not be considered where no exception was taken to the ruling at the trial.

Argued March 3, 1914.    Appeal, No. 34, March T., 1914, by defendant, from judgment of C. P. Luzerne Co., March T., 1911, No. 18, on verdict for plaintiff in case of C. C. Garrison v. J. H. Van Luven.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, TREXLER and KEPHART, JJ.    Affirmed.

Scire facias sur mechanic's lien.    Before FULLER, P. J.

At the trial it appeared that the lien was based on an oral contract for the electrical equipment of a building for the contract price of $475.    The claim filed indicated that labor and material had been furnished to the amount of $441.68.    The building was first known as the Van Luven Building.    Subsequently the name was changed to the Bohemian Theatre.    The testimony in the case showed the difference between the contract price and the amount of the lien was due to the fact that certain of the equipment had not been furnished owing to the change in the owner's plans.    Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $467.96.    Defendant appealed.

*Errors assigned* were various rulings on evidence, quot-

420    GARRISON *v.* VAN LUVEN, Appellant.

Assignment of Errors—Opinion of the Court.    [57 Pa. Superior Ct.

ing the bill of exceptions, and in refusing to give binding instructions for defendant.

*Wm. W. Hall* and *R. W. Archbald,* with them *R. A. Hubler* and *G. J. Clark,* for appellant.—In an action for partial performance of a special contract the plaintiff's books of original entries are not evidence: Alexander v. Hoffman, 5 W. & S. 382; Eshleman v. Harnish, 76 Pa. 97; Phillips v. Tapper, 2 Pa. 323; Schnader v. Schnader, 26 Pa. 384; Lonergan v. Whitehead, 10 W. & S. 249; Nickle v. Baldwin, 4 W. & S. 290; Stuckslager v. Neel, 123 Pa. 53; Hall v. Wood, 187 Pa. 18.

The contract declared upon, which is the basis of plaintiff's claim and of his right to recover, is an entire contract made by one who as to the owner is practically the contractor, and the bill of particulars while possibly sufficient in an action of assumpsit, in no way sets forth compliance with the contract: Shires v. O'Connor, 4 Pa. Superior Ct. 465; Wilkinson v. Becker, 155 Pa. 194; American Powder Co. v. Malone, 166 Pa. 289; Deeds v. Imperial Brick Co., 219 Pa. 579.

*H. J. Mahon,* with him *Evan C. Jones,* for appellee.— A claimant's book of original entries is admissible to prove that the materials were furnished at and for the particular building which is the subject of the lien: McMullen v. Gilbert, 2 Wharton, 277; Chambers v. Yarnall, 15 Pa. 265.

OPINION BY PORTER, J., July 15, 1914:

This action is scire facias sur mechanic's lien. The plaintiff recovered a verdict and judgment in the court below for the full amount of his claim, and the defendant appeals. The opinion of the learned judge of the court below, in overruling the motion of the defendant for judgment non obstante veredicto, which will appear in the report of the case, renders extended discussion of the questions unnecessary. The only question of fact

which was in controversy at the trial was whether the
defendant, either by himself or through his agent, had
assumed responsibility for the work and directed the
plaintiff to do it upon his account.  The plaintiff testi-
fied that the defendant had directed him to "go ahead
and do this work to the satisfaction of Mr. Painter,"
and that upon the faith of this direction he did the work
involved in the lien.  The defendant explicitly denied
this, asserting that the plaintiff had done the work for
Painter, who was to become the lessee of the building,
and that defendant had never authorized Painter to
make any contract on his account.  This was really the
issue of fact at which the parties had arrived, under
the claim and the affidavit of defense thereto.  The
parties tried the case as if this were the only question
of fact in dispute.  The rulings of the court upon the
trial which are now assigned for error were not, at the
time they were made, considered of any consequence.

The first specification avers that the court erred in
the admission in evidence of plaintiff's books of original
entry.  No objection was made to the admission of the
books in evidence at the time they were offered, and
after some discussion counsel for the defendant said:
"With the exception of the heading, and with the privi-
lege of auditing the account later, I have no objection
to its going in in that way, to shorten it up."  The
books were made the subject of extended examination
and cross-examination.  No objection was made to
them because of the manner in which they were kept.
The only objection made to the books at the trial was
that the heading of the account, when first opened had
been "George J. Painter, North Main Street, Van Luven
Building."  After a time the charges were made against
the "Bohemian Theatre."  The oral testimony explained
that the building had first had no distinct name and
was known as the "Van Luven Building"; that later it
was given the name of the "Bohemian Theatre," and
after the building had been thus named the charges

were made against it in that name. The defendant had in his affidavit of defense denied that the work had been done and the materials furnished on the credit of the building, and the claimant's books of original entry were admitted for the purpose of showing that the charges had been made against the particular building which is the subject of the lien: McMullen v. Gilbert, 2 Wharton, 277; Chambers v. Yarnall, 15 Pa. 265. The defendant by his counsel having thus acquiesced in the admission of the account, which certainly was admissible for the limited purpose above stated, the first specification of error must be dismissed.

The claim filed averred that the materials were furnished and the work done under an oral contract between the plaintiff and George R. Painter, who was averred to be the authorized agent of the defendant, providing that the claimant should furnish labor, materials, electrical supplies, etc., for the complete electrical equipment of said building and for the electrical work and equipment actually used in the construction and erection thereof for the price or sum of $475; that under this contract labor, material and equipment to the amount of $441.68 had actually been furnished in the erection and construction of said building, and that defendant was entitled to credits amounting to $65.80, leaving a balance of $375.88. Attached to the claim was a bill of particulars giving in detail the items of material and labor furnished, with the date and value of each. The claim thus showed upon its face that it was alleged to be founded on an oral contract requiring the plaintiff to furnish all the labor and material for the electrical equipment of the building for a fixed sum, viz., $475; it also showed that the plaintiff had furnished labor and material, under the contract, to the value of only $441.68. The defendant ignored this ambiguity on the face of the lien, did not move to strike off the claim, and proceeded to a trial on the merits. The plaintiff testified that he furnished all the

material and all the labor stated in the bill of particulars attached to the claim, that this included everything provided for by the contract except the lighting fixtures on the top floor of the building, and that the value of those fixtures amounted to the difference between the sum which he claimed and the $475, the contract price. About the time the contract was completed the business relations between Painter and Van Luven were broken off, and Painter left the country. The defendant made other arrangements with regard to the property, and the electrical fixtures were not put in the top floor. The defendant went into possession of the property and has retained and used the fruits of plaintiff's labor and materials. The plaintiff would, in these circumstances, be entitled to recover the contract price less the value of the work omitted. This being so it was competent for the plaintiff to produce evidence tending to establish the relative proportions and value of the work done and the work omitted: Murphy v. Bear, 240 Pa. 448. The second and third specifications of error are dismissed.

The fourth specification of error refers to the refusal of the court to strike out certain evidence. No exception was taken to that ruling and the specification of error must for that reason be overruled. If the jury believed the testimony of the plaintiff the defendant was liable on the oral agreement to pay $475 for the electrical work upon the building, the work had been almost completed when Painter left and the defendant changed his purposes with regard to the building; the defendant accepted the work which had been done, retained and has used it, and the difference between the $441.68, which plaintiff asserts he ought to have for the work done, and $475, the amount which plaintiff would have been entitled to receive if the work had been completed, fairly represents the value of the work omitted. The defendant distinctly testified that the fixtures on the top floor, the only work omitted, were

worth the difference between "the bill that I have itemized and the $475." This evidence was sufficient to warrant the verdict which the jury rendered. The prayer of the defendant for a binding instruction in his favor was properly refused, and the overruling of his motion for judgment non obstante veredicto involved no error. The fifth, sixth and seventh specifications of error are dismissed.

The judgment is affirmed.