## Young *versus* Chambers.

Young and Randolph filed a claim against Chambers, owner, and Burtman and Hanna, contractors. It was a claim for lumber, jointly filed against eight houses on the south side of Callowhill street, Spring Garden, and apportioned against each house, and this *scire facias* was issued on the apportioned claim against one house.

The verdict and judgment below were for the plaintiffs below and plaintiffs above, but for a less amount than was claimed, by reason of the court ruling out part of plaintiffs' testimony.

The defendant, Chambers, owned a large lot on Callowhill street, running back to Carlton street, having fronts on each street; and on Callowhill street, he built eight houses, and on Carlton street, twelve houses, on the same width of ground, being the different fronts of the same lot.

The twenty buildings were erected under one contract between the said owner and the contractors, Burtman & Hanna, for an entire sum of $11,000.

The plaintiffs furnished lumber to these contractors, designating in each book-entry, the houses for which it called, "Callowhill street houses," "Carlton street houses," and "Callowhill

[Chambers *v.* Yarnall et al.—Young *v.* Chambers.]

and Carlton street houses." The amount separately charged to the Callowhill street houses was $258.90, as to which the book of original entries was admitted, and the jury gave the plaintiffs a verdict for one-eighth of that sum with interest. The amount jointly charged by plaintiffs to "Callowhill and Carlton street houses" was $492.11, of which the plaintiffs claimed one-eighth of a half against the house in question on Callowhill street, and offered the book of original entries to sustain that claim, and the written contract made between the said owner and contractors, which were rejected by the court; and these decisions were the grounds of exception.

It was assigned for error:

1st.. That the court rejected the plaintiffs' book of original entries as to joint charges against Callowhill and Carlton street houses.

2d. That the court rejected the contract for building together, for one sum, all the houses on the same lot on both streets, between the said owner and contractors.

The case was argued by *Price,* for Young and Randolph.
*Clarkson,* contra.

The opinion of the court was delivered March 1, 1851, by

GIBSON, C. J.—The claim first filed, embracing as it did the block of houses on Carlton street, as well as the block on Callowhill street, was not sustained by any statute or precedent construction; and the claimant might file a second time, as if it had not existed. The principle ruled in Pennock *v.* Hoover, that a joint lien might be filed against adjoining houses put up together, because it might not be in the power of the claimant to discriminate, was the basis of the thirteenth section of the act of 1836, which sanctioned it, and provided for carrying it out by an apportionment of the general charge. The word "building" used in every act upon the subject, was strictly applicable to a block, which, though composed of separate houses, was put up as a whole; but it could not be predicated of separate blocks in different streets, which could, in no aspect, be viewed as entire. As a charge for labor or materials furnished to the builder of a particular block, could not be apportioned with certainty and convenience in the first instance, necessity required it to be joint; but it is easy to discriminate between separate blocks, in regard to which no such necessity can exist. A joint claim against them would require an apportionment, in the first place, between the blocks themselves as integers, and, in the second, an apportionment respectively among the houses composing them—a proceeding not warranted by the act of 1836. The claim first filed was consequently a nullity, and properly disposed of.

[Chambers *v.* Yarnall et al.—Young *v.* Chambers.]

But the principle operates against the party in his other cause. As the joint claim against the two blocks was void, they could not be jointly charged in the books ; and the entries for materials, furnished without discrimination to both, were properly rejected. It is as easy to distinguish between separate blocks, as it is to distinguish between separate houses in different streets, which must be severally charged. As was ruled in McMullin *v.* Gilbert, 2 *Wh.* 277, a claimant's book of original entries is admissible to prove that the materials were furnished at and for the particular building which is the subject of the lien ; but, as was ruled in Church *v.* Davis, 9 *Watts* 304, though the entries do not specify the building, that may be done by parol evidence ; and had the entries been accompanied in this instance by an offer of such proof, it would have turned the scale : as they were not, they were properly excluded.                            Judgment in each case affirmed.