## Taylor *versus* Montgomery.

Thirty-two houses were erected by the same person on one piece of ground, sixteen of them fronting on one street, and the other sixteen fronting on another street parallel to the first, the yards of the buildings adjoining each other respectively: *held* that they were the subject of an apportioned lien.

ERROR to the District Court, *Philadelphia*.

This was the case of a lien for materials furnished by Taylor and Williams, the same amounting to $568.21½, and being filed against thirty-two three-story brick houses, situate in the district of Spring Garden, sixteen of them being situate on the north side of Wood street, between Broad and Thirteenth, &c., the said buildings forming a continuous row of houses; and the other sixteen being situate on the south side of Bloom alley, between Broad and Thirteenth streets, also forming a continuous row. The claim was filed also against the ground and curtilages appurtenant to the buildings. It was filed against Joseph Montgomery, as owner or reputed owner, and contractor. In the claim filed, the claim against each building and ground appurtenant was designated.

Wood street and Bloom alley are parallel to each other. Subsequently the plaintiffs, Taylor and Williams, and Montgomery, entered into thirty-two amicable actions of *scire facias*, on the apportionments of the claim, they being entered to September Term, 1851, and Montgomery confessed judgment in each case. Writs of *levari facias* were issued, but subsequently, on the application of T. J. Martin, a terre tenant, rules were ordered, and the judgments were opened, and Martin let into a defence.

The cases were tried together. The yards of the buildings opposite to each other adjoined, and it appeared that the privys were built half on the yards of the Wood street houses, and half on the yards of the Carlton street houses.

[Taylor *v.* Montgomery.]

After the evidence on part of the plaintiffs was closed, the defendant's counsel moved for a nonsuit, on the ground that the lien was invalid, on account of being apportioned among houses the lots of which did not adjoin, except by the yards.

The Court refused to direct a nonsuit, but the point was reserved. Verdict was rendered for $457.91, apportioning $16.35 against each house, subject to the opinion on the point reserved.

The opinion of the Court was as follows:—" This was an apportioned claim for materials against thirty-two houses, all on the same lot, but fronting on different streets, sixteen being on one street, and sixteen on the other. It was held by this Court, in December Term, in the case of Campbell *v.* Pharo, on the authority of Young and Chambers, 3 *Harris*, that one claim cannot be filed against several houses, unless they are contiguous and constitute one building. It has been sought to distinguish this case from that of Campbell *v.* Pharo, on the ground that there the lots were separated, as well as the houses, by an intervening lot belonging to a third person; and it was contended that where, as in this instance, all the buildings are on one lot, and the curtilages adjoin, although the houses do not, the whole must be considered as an unit for the purposes of a claim which covers the curtilages as well as the houses. We should be disposed to attach much weight to this argument, were it not overruled, by the authority of Young *v.* Chambers, where the circumstances and situation of the premises were precisely the same as here, and where the claim was held invalid. The verdict for the plaintiff is consequently set aside, and judgment entered *for the defendant* on the point reserved."

It was assigned for error, that the Court erred in directing judgment to be entered for the defendant, inasmuch as the claim was filed against the thirty-two buildings and the ground covered by them, and such other ground immediately adjacent thereto and belonging to the owner of the buildings as was necessary for the ordinary and useful purposes of such building, the ground between the two streets being separated only by an ordinary board fence; the lots on Wood street running north and meeting the lots on Carlton street running south.

2. Because the Act of 1836 does not require that *the buildings* should *adjoin*, but that they should be " owned by the same person." 3. The case is not within the decision in Young *v.* Chambers, 3 *Harris* 265, inasmuch as in that case neither the buildings or the ground adjoined, for both were separated by a street, (Chambers' avenue) whereas in this case *the ground* attached to each set of buildings adjoins.

The 13th section of the Mechanics' Lien Act of 1836, provides that, " In every case in which one claim for materials shall be filed

[Taylor v. Montgomery.]

by the same person preferring the same, against two or more buildings owned by the same person, the person filing the same, shall designate the amount which he claims to be due to him on each of such buildings, otherwise such claim shall be postponed to other lien creditors, &c., having liens by judgment, mortgage or otherwise.

The second section of that Act provides that the lien of the debt or claim shall extend to the ground covered by the building, and " to so much other ground immediately adjacent thereto, and belonging in like manner to the owner of such building, as may be necessary for the ordinary and useful purposes of such building," and provides for determining the quantity and boundaries of the ground.

*Lawrence*, for plaintiff in error.—It was contended, *inter alia*, that the provision in the Act of 1831, authorizing an apportioned lien against adjoining houses, was repealed by the Act of 1836, which authorizes an apportioned lien *against two or more buildings owned by the same person*, and does not require that the buildings shall *adjoin*.

*McMurtrie*, for defendant in error.—Before the passage of the Act of 1836, a lien could be filed against two or more adjoining houses owned by the same person: 5 *Rawle* 291, Pennock *v.* Hoover. It was said that the Act of 1836 did not extend the right in this particular. It was said that when the blocks of buildings are not only separated but are on distinct streets, and are of different sizes, as in this case, neither labor nor materials could be furnished jointly—that the deliveries must be at different places. The case of Young *v.* Chambers was cited.

The opinion of the Court was delivered, April 18, by

Lowrie, J.—The mechanics' lien laws recognise the filing of one lien against several houses, and the apportionment of the amount among them; but they do not define the cases in which such joint lien is proper. In order to obtain such a definition we must resort to the analogy of other cases, and the case of joint contracts requiring joint remedies is an obvious one.

Here all the buildings were put up by the owner at one time and on one lot, and the materials were furnished for them all jointly, and it was entirely proper to make them the subject of one apportioned lien.

Judgment reversed and judgment for the plaintiff below.