## Goepp *versus* Gartiser.

A mechanics' lien filed against three distinct blocks of buildings, separated by streets, is null and void upon its face.

A purchaser at sheriff's sale is not bound to notice a deed or mortgage defectively registered, nor a judgment or lien which appears on its face to be a nullity.

ERROR to the District Court of *Philadelphia.*

This was an ejectment by Charles Goepp against Zepherin Gartiser, for a house and lot of ground on the east side of Fifth street, between Morris and Moore streets, in the city of Philadelphia.

In 1851, Samuel Ebert was the owner of 21 lots of ground, occupying the east side of Fifth street, between Morris and Moore streets. They were divided into three blocks, by two small intervening streets. Ebert commenced the erection of 21 two-story brick dwelling-houses upon this property, one of them upon each lot.

On the 9th November 1852, before the completion of the buildings, Ebert and wife conveyed the northernmost tier of seven houses and lots (including the premises in dispute), to George S. Powell.

On the 8th April 1853, Allen & Adolph filed a mechanic's claim of $193.00½ for materials, &c., against the 21 houses, and apportioned the same, to wit, $9.19 against each house and lot. This claim appeared upon its face to have been filed against distinct blocks of buildings.

On the 28th January 1854, Powell mortgaged his seven houses to the Warren Saving and Loan Association, No. 2, of Southwark, to secure the payment of $1600. This mortgage was recorded on the 30th.

On the 23d February 1856, Jacob Stearly recovered judgment against Powell for $113.01; and under an execution on this judgment, the premises were sold by the sheriff on the 5th May 1856, and purchased by the plaintiff; to whom a deed was executed and acknowledged on the 10th of the same month.

On the 30th January 1857, the mortgagees sued out a *scire facias*, without notice to the plaintiff, and obtained judgment thereon for $1857.60; and under this judgment the premises were again sold by the sheriff, and purchased by the defendant; to whom a deed was executed and acknowledged on the 10th July 1857. At this last sale, the plaintiff gave notice that the purchaser thereat would take no title, inasmuch as the lien of the mortgage had been divested by the prior sheriff's sale, in consequence of the existence on record, unsatisfied, of Allen & Adolph's lien.

[Goepp *v.* Gartiser.]

The jury, under the instruction of the court, found a verdict for the plaintiff, subject to the opinion of the court upon a point reserved, as to the validity of the mechanic's claim; and the court below subsequently entered judgment for the defendant upon the point reserved, and delivered the following opinion :—

"Both the parties to this case deduce their title from the same person; that of the plaintiff originating in a purchase at a sheriff's sale under a *venditioni exponas*, on a judgment, and that of the defendant in a sale of the same nature, made by virtue of a *levari* issued on a mortgage. The sale to the plaintiff preceded that to the defendant, but the mortgage under which the latter bought, was prior to the judgment under which the sheriff sold to the former. The defendant would, therefore, indisputably have the better title, were it not that the mortgage was preceded on the record by a mechanic's lien, which, as the plaintiff contends, caused it to be divested by the sale under the judgment, and which the defendant admits would have produced that effect, were it not for defects, apparent on the face of the claim in which the lien had its origin, or rendered manifest by the evidence given at the trial.

"We are clearly of opinion, that this question must be determined solely by the record, and that all other matters must be dismissed from our consideration. If the lien stood as a valid prior encumbrance to the mortgage on the record, at the time when the plaintiff and defendant purchased, they were bound by what they saw, or ought to have seen, and neither can adduce extrinsic evidence to impeach the title of the other. I do not mean to say, that a mortgage of a title deduced regularly through and from those who have held it of record, can be impaired by a claim filed against a stranger, merely because the land itself is described in and covered by the claim. Such a doctrine would be subversive of the security of titles, and of that certainty and safety which the recording acts have sought to give to purchasers. But when a search duly prosecuted to the source of the title, would lead to the discovery of a mechanic's lien, the effect of the lien on a subsequent mortgage must be determined by what appears on its face, irrespectively of what might be shown, if the lien were brought before a court and jury for adjudication.

"Unfortunately, however, for the plaintiff in this action, the lien itself reveals its own insufficiency, by showing that it could never have been enforced as between the original parties, and must, therefore, necessarily be void when third persons are in question. It is filed against twenty-one houses, situate on the east side of Fifth street, below Morris, and consequently cannot be good, unless all the houses are on the same tract or lot, so as to be capable of forming a legal whole or unit. But the description given in the claim makes it evident that this is so far from

[Goepp *v.* Gartiser.]

being the case, that they are separated from each other by two different streets traversing the property from east to west, and dividing the whole mass of buildings into three distinct blocks, which can in nowise be brought within the compass of one lien. The claim being, therefore, bad on its face, and such as the court would have struck off on motion, is a legal nullity, which can have no effect on the subsequent mortgage, and might properly be disregarded by the defendant, in buying under the mortgage. We, therefore, discharge the rule for a new trial, and enter judgment for the defendant on the point reserved."

To this opinion the plaintiff excepted, and having removed the cause to this court, he here assigned the same for error.

*B. H. Brewster*, for the plaintiff in error, cited and relied upon the case of Taylor *v.* Montgomery, 8 *Harris* 443, whereby he contended the case of Young *v.* Chambers, 3 *Id.* 265, had been overruled.

*H. E. Wallace* and *Ashton*, for the defendant in error, cited Young *v.* Chambers, 3 *Harris* 265, which they contended, had been affirmed in principle, by Wilson *v.* Forder, 6 *Casey* 129.

The opinion of the court was delivered by

READ, J.—In this case there was a joint lien filed against twenty-one houses, the property of the same owner, designating the amount claimed on each house, which showed on its face that there were three distinct blocks of buildings, separated by streets; each block consisting of seven contiguous houses. The question was, whether this was a good lien, or whether it was null and void, as it appeared upon the record.

In Pennock *v.* Hoover, 5 *Rawle* 291, decided under the Acts of 1806 and 1808, it was held, that a joint claim filed against eighteen adjoining or contiguous buildings, belonging to the same owner, was good. By the Act of 26th March 1831, the claimant, when the buildings were adjoining, and built by the same person, was enabled to file with his claim an apportionment of the amount among the buildings, and subjected each to the payment of its apportioned share. The 13th section of the Act of 16th June 1836 made this apportionment compulsory, or otherwise such claim was postponed to other lien-creditors. This section was decided in Donahoo *v.* Scott, 2 *Jones* 45, to include a joint apportioned claim for work, although it and its predecessor only spoke of a claim for materials; but this was set at rest by the Act of the 25th April 1850—expressly extending these provisions to similar claims for work done, and for work done and materials furnished. In Thomas *v.* James, 7 *W. & S.* 383, Judge SERGEANT says, "This renders it unnecessary to give an opinion on the question

[Goepp v. Gartiser.]

which has been discussed, whether a joint claim can be filed under the Act of 1836, for materials found and provided, where the buildings put up under the same contract or request do not appear to adjoin each other."

In Donahoo v. Scott, and in all the preceding cases, the houses were contiguous, and in Young v. Chambers, 3 *Harris* 267, Ch. J. GIBSON says, " The principle ruled in Pennock v. Hoover, that a joint claim might be filed against adjoining houses put up together, because it might not be in the power of the claimant to discriminate, was the basis of the thirteenth section of the Act of 1836, which sanctioned it, and provided for carrying it out by an apportionment of the general charge. The word ' building,' used in every act upon the subject, was strictly applicable to a block which, though composed of separate houses, was put up as a whole, but it could not be predicated of separate blocks in different streets, which could in no aspect be viewed as entire."

In the present case there are three several blocks on three separate lots divided by streets, and the claim filed was therefore a nullity, and is not affected by the case of Taylor v. Montgomery, 8 *Harris* 443.

A purchaser at sheriff's sale looks to the record for deeds, mortgages, judgments, and mechanic's liens, and if they appear to be valid and subsisting, he is not bound to look further. But if a deed or mortgage is defectively registered, or the judgment or lien appears on its face to be null and void, then he is not bound to notice them at all: Magaw v. Garrett, 1 *Casey* 319–22; Bolton v. Johns, 5 *Barr* 149. In the last case, Ch. J. GIBSON says, " The defective registry of a deed is a nullity;" " and in the case before us the lien filed was a nullity which the purchaser was not bound to notice. Even had actual notice of it been given him, he would have been informed of nothing but an abortive attempt to create a lien where none could exist."

The court may strike off from the public record an irregular claim on motion or on petition and answer or demurrer: Lehman v. Thomas, 5 *W. & S.* 262; Shaw v. Barnes, 5 *Barr* 18; and, of course, as we have already seen, it may be treated as an entire nullity.

Judgment affirmed.