## Lucas, Appellant, *v.* Hunter et al.

*Mechanic's lien—Apportionment—Separation by public street.*

A mechanic's lien cannot be apportioned among an entire block of houses belonging to the same owners, but separated from each other by public streets.

Shultz v. Asay, 2 Penny. 411, followed.

Argued Jan. 6, 1893. Appeals, Nos. 10, 11 and 12, Jan. T., 1892, by plaintiff, John Lucas, from orders of C. P. No. 3, Phila. Co., Dec. T., 1891, Nos. 261, 262, 263, M. L. D., striking off mechanics' liens. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rules to strike off mechanics' liens.

The facts appear by the opinion of the Supreme Court.

The court made absolute the rule in each case.

*Error assigned* was above order.

*William M. Stewart, Jr., John M. Gest* and *John Sparhawk, Jr.,* with him, for appellant, cited Boyd v. Mole, 9 Phila. 118; Millett v. Allen, 3 W. N. 374; Atkinson v. Shoemaker, 151 Pa. 153; Paul v. Carver, 26 Pa. 223.

*John Cromwell Bell, E. Clinton Rhoads* with him, for appellee, cited Goepp v. Gartiser, 35 Pa. 130; Shultz v. Asay, 10 W. N., 33, s. c. affirmed in 11 W. N. 195; French v. Kaign, 3 W. N. 495; Atkinson v. Shoemaker, 151 Pa. 153; Taylor v. Montgomery, 20 Pa. 443; Gorgas v. Douglas, 6 S. & R. 521; Lee v. Burke, 66 Pa. 339; Russell v. Bell, 44 Pa. 47; Rush v. Able, 90 Pa. 156; Brown v. Myers, 145 Pa. 17; Gray v. Dick, 97 Pa. 146.

PER CURIAM, January 16, 1893 :

We think the learned court below was right in striking off the mechanic's claims in these three cases. Each claim was filed against an entire block of houses belonging to the same owners, but separated from each other by public streets. One of said blocks contained ten three-story dwelling-houses and four two-story brick dwelling-houses. Another block contained ten three-story brick dwelling-houses. The remaining block contained fourteen three-story brick dwelling-houses and four two-story brick dwelling-houses. The same bill of particulars was attached to each claim; "the whole of said materials being furnished for and about the erection and construction of forty-two dwelling-houses, erected by the said Hunter and Nock at Fifty-fifth and Jefferson streets." The balance claimed by plaintiff, as shown by this account, was $2,242.17. This balance is apportioned between the three blocks of houses, and upon each house in each block was apportioned the sum which the plaintiff claims to be its share of the whole. We can find no authority to sustain such a claim as this. On the contrary, we think it clear that under Shultz v. Asay, 2 Pennypacker, 411, it cannot be sustained.

Judgment affirmed.