Phila. Brick Co. *v.* J. D. Johnson Co., Appellant.

*Mechanic's lien—Two apportioned liens on one entire block—Dividing street—Disputed facts—Affidavit of defence.*

The court will not decide, as questions of law on a sci fa. sur mechanic's lien, whether two apportioned liens on parts of one entire block can be filed in any case, and, if so, whether they can be so filed when, as a matter of fact, the land upon which the whole number of buildings was erected was a unit and undivided by any street running through it at the time of the contract, in a case where an affidavit of defence alleges that the lien was filed more than six months after the materials were furnished, and that some if not all of the houses were finished more than six months prior to the filing of the lien, and that a street, running through the whole block which faced on four different streets, was not dedicated or placed on the city plan until after the contract for the entire block was made.

Argued Jan. 12, 1894.   Appeal, No. 160, July T., 1893, by defendant, J. D. Johnson Co., terre tenant, from judgment of C. P. No. 1, Phila. Co., March T., 1892, No. 63, M. L. D., for want of sufficient affidavit of defence.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Rule for judgment for want of sufficient affidavit of defence, in sci. fa. sur apportioned mechanic's claim.

The claim was an apportioned claim against twenty houses on the east side of 40th street, between Fairmount avenue and Aspen street, Phila., for $3,640, for bricks furnished under a contract of which a copy was annexed to the claim.   The bill of particulars was headed with the name of the contractor, James Hood, and "premises Fortieth and Fairmount avenues, Aspen Union street," etc., etc., and showed the different kind of bricks furnished, the prices charged therefor and the time when the same were furnished, beginning April 23, 1891, and ending Sept. 30, 1891; the charges were made almost daily. At the end of the bill of particulars, from a total thereby shown to be due, there was deducted $5,675 as the "amt. apportioned to premises not in this lien but under this contract."   The contract was to furnish all bricks needed for 65 houses "on the lot of ground subdivided into 65 building lots bounded by 40th street, Fairmount avenue, Aspen street and Union street."

The affidavit of defence showed that the terre tenant had purchased three of the 20 houses, and continued as follows:

" That plaintiff has filed two apportioned mechanics' liens against the said sixty-five houses, both to C. P. No. 1, March Term, 1892, and numbered 62 and 63 respectively, in the first of which No. 62, an apportioned lien is filed against forty-five houses, therein more particularly described and in the other, to wit : No. 63, an apportioned lien is filed against the remaining twenty houses, therein more particularly described.

" Above deponent is advised and believes and therefore avers that the above lien is invalid in law, as the law does not admit the filing of two apportioned liens under one contract ; deponent is further advised and believes and therefore avers that plaintiff's right to file more than one joint apportioned lien was fixed at the date of its contract, to wit : Sept. 22, 1890 ; that at the time the lot of ground, upon which the before mentioned sixty-five houses were to be erected, was one contiguous whole and unbroken lot of ground.

" That Sloan street referred to in the lien filed to C. P. No. 1. March Term, 1892, No. 62, M. L. D., was not dedicated at the time the contract was entered into between the plaintiff and James Hood ; that the said street was dedicated May 5, 1891,

and was accepted and put upon the city plan by the city of Philadelphia on Oct. 5, 1891.

" Deponent is advised and believes and therefore avers that the above lien is invalid in law, in that Sloan street aforesaid not having been dedicated or put upon the plan of the city at the time of the contract, the plaintiff had not the right to file two apportioned liens.

" Deponent further avers that the lien is filed more than six months after the materials were furnished, and that some, if not all of the before mentioned thirteen houses were completed more than six months prior to the filing of the aforesaid lien.

" Deponent further avers that in the bill of particulars filed the claimant has this clause : ' Less amounts apportioned to premises not in this lien but coming under this contract.' And he then deducts from the bill of particulars $3,640 for bricks included in the bill of particulars and supplied to other houses ; he does not say that these other houses are adjoining houses to those mentioned in the lien filed, yet he apportions the materials furnished among houses mentioned in the lien and others not mentioned in the lien under the same bill of particulars."

The rule for judgment for want of a sufficient affidavit of defence was made absolute. Defendant, terre tenant, appealed.

*Error assigned* was the entry of judgment.

*John C. Bell, A. H. Gangewer* with him, for appellant.—If Sloan street was a public street, the claim was invalid : Schultz v. Asay, 2 Penny. 411 ; Lucas v. Hunter, 153 Pa. 293 ; Chambers v. Yarnall, 15 Pa. 265. If Sloan street were not a public street, the claim is insufficient : Davis v. Farr, 13 Pa. 167 ; Millett v. Allen, 3 W. N. 374 ; Atkinson v. Shoemaker, 151 Pa. 153.

The lien was gone as to those houses for which no materials were furnished within six months of the time the claim was filed : Wilson v. Forder, 34 Pa. 129 ; Pennock v. Hoover, 5 Rawle, 313.

*Frederick J. Shoyer,* for appellee.—While an apportioned lien cannot be filed against buildings separated by a street

(Young v. Chambers, 15 Pa. 265; Goepp v. Gastiser, 35 Pa. 130; Schultz v. Asay, 11 W. N. 195; French v. Kaign, 3 W. N. 495; Lucas v. Hunter, 153 Pa. 293), yet such a claim may be filed against houses separated by ground other than a public street: Davis v. Farr, 13 Pa. 167; Harper v. Keely, 17 Pa. 234; Taylor v. Montgomery, 20 Pa. 443; Fitzpatrick v. Allen, 80 Pa. 292; Kline's Ap., 93 Pa. 422; Atkinson v. Shoemaker, 151 Pa. 153. Where the claimant would have a right to file an apportioned lien, he may also file a separate lien against each property: Millett v. Allen, 3 W. N. 374; Davis v. Farr, and Harper v. Keely, supra; Pennock v. Hoover, 5 Rawle, 291. While, therefore, the claimant here could have filed one joint apportioned lien against the 65 houses, or a separate lien for the pro rata apportionment against each house, it is submitted that the two apportioned liens which he did file did not violate any principle of mechanic's lien law, and should be sustained: Boyle v. Mole, 9 Phila. 118; Livezy v. Garvin, 16 W. N. 439; Armbrust v. Galloway, 2 W. N. 585.

The contract annexed to the claim fixes the premises referred to in the bill of particulars where an amount is deducted as the "amt. apportioned to premises not in this lien, but under this contract."

The bricks having been delivered in pursuance of one entire contract for one entire operation, the six months did not commence to run until the last material had been delivered: Hofer's Ap., 116 Pa. 361.

OPINION BY MR. JUSTICE GREEN, July 11, 1894:

The learned counsel for the appellee concedes, with entire frankness, that the question as to the legal sufficiency of the plaintiff's claim in this case, is a new question which has never been decided by this court. It can also be said that it is a doubtful question, and that its solution, at least in some of its aspects, depends upon facts which are challenged by the affidavit of defence. Thus the affidavit alleges that "the lien is filed more than six months after the materials were furnished, and that some, if not all, of the before-mentioned houses, were completed more than six months prior to the filing of the aforesaid bill." It is true the last date in the bill of particulars is Sept. 30, 1891, and the lien was filed March 28, 1892, but the

bill of particulars was for an enormous quantity of bricks furnished for 65 buildings, and the lien was only upon three of them.    Moreover there were two apportioned liens, one upon a block of 45 buildings and another upon a block of twenty, and it was only upon three of this latter block that the present lien was filed.    There was no individuation of the quantity of bricks furnished to each building, nor any defined statement as to whether the bricks that were furnished for these three particular buildings were furnished within six months before the buildings were finished.    The claim of lien merely apportioned a sum of $3,640 among twenty buildings by an equal proportion of the gross sum upon each.    As there are but two entries in the bill of bricks furnished within six months before the filing of the lien, and these are only for a small quantity, it can easily be understood that out of so large a number as 65 buildings they were not all furnished at the same time.    The affidavit of defence alleges that some of them were finished more than six months before the lien was filed, and thus a disputed question of fact arises, which ought to be determined by a verdict before the legal question resulting can be properly decided.    The affidavit also alleges that a certain street, called Sloan street, running through the whole block which faced on four different streets, was not dedicated or placed on the city plan until after the contract for the entire 65 buildings was made, and therefore there was no right in the plaintiff to file two apportioned liens.    This also raises a question of fact which may be, and probably is, essential to the determination of two legal questions, to wit, one whether two apportioned liens on parts of one entire block can be filed in any case, and, if so, whether they can be so filed when, as a matter of fact, the land upon which the whole number of buildings was erected was a unit and undivided by any streets running through it at the time of the contract.    In the present state of the record these questions cannot be decided by the court of common pleas or by this court.    It will be necessary to have the precise state of the facts determined upon a trial before a jury, and we therefore feel obliged to reverse the judgment of the learned court below, in order that the case, upon all its questions of fact, may be decided by a jury, and, upon its resulting ques-

tions of law, may be intelligently considered and decided by the court.

Judgment reversed and procedendo awarded.

See also the preceding case.