West Philadelphia Brick Company, Appellant, *v.* J. D. Johnson & Company, terre tenants.

*Mechanic's lien—Groups of buildings—Apportioned liens—Private street.*
Where different groups of buildings are erected under one contract upon the same piece of ground, though separated by a private alley or vacant lot intended for a street, they are subject to an apportioned lien. Under such circumstances a man has the right to file one lien against the entire property, or he can file a lien against each one of the houses, but he cannot file two or more apportioned liens one against each group.

A material man cannot file two joint apportioned claims under a contract to furnish bricks to sixty-five houses which were separated into two blocks of twenty and forty-five houses by a proposed street, which was not dedicated to and accepted by the city before the commencement of the building. If the street has been duly dedicated and opened as a public street two joint apportioned liens would have been valid. .

Argued Dec. 15, 1896. Appeal, No. 69, Nov. T., 1896, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1892, No. 63, M. L. D., on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Sci. fa. sur apportioned mechanic's lien.

The terre tenant having by leave intervened, the question in controversy turned on the liability of three houses purchased

by him for their respective apportionments of $180 a house, amounting in all to $540.

The other essential facts appear in the opinion of the Superior Court.

The court below, BIDDLE, P. J., directed a verdict for the defendant, charging the jury as follows:

The decision in this case depends upon a question of law. A man has the right to file one lien against the entire property, or he can file a lien against each one of the houses, but he cannot file two apportioned liens against one property.

Two apportioned liens on parts of one entire block, undivided by any street, cannot be filed; one apportioned lien can be filed against the whole, or a lien can be filed against each house. Your verdict in this case must, therefore, be for the defendant.

Verdict for defendant.    Plaintiff appealed.

*Errors assigned* were, (1, 2) in directing a verdict for defendant and not directing a verdict for the plaintiff.

*Frederick J. Shoyer*, for appellant.

*Allen H. Gangewer*, for appellee.

OPINION BY WILLARD, J., January 18, 1897:

James Hood contracted with one, E. A. Norton, to erect for the latter sixty-five houses in the city of Philadelphia upon a piece of ground bounded by 40th street, Fairmount avenue, Aspen street and Union street.

On the 19th day of August, 1890, Hood entered into a contract in writing with the appellant by the terms of which the latter agreed to " furnish and deliver all the brick suitable and necessary for the said sixty-five houses according to the said plan and specifications, the prices above set forth: fifty per centum of the same to be paid in cash when and as said bricks are delivered, and the remaining fifty per centum within ninety days after the said sixty-five houses are finally completed."

At the time of the execution of this contract the evidence does not show that there was any subdivision of the property by any open street or alley, although a small street was subsequently opened called " Sloane Street," extending from Aspen

street south to Fairmount avenue. This street was conveyed to the city of Philadelphia by deed of dedication from Albert E. Norton and wife, dated May 5, 1891. On June 23, 1891, an ordinance accepting the plan of said street was adopted by the councils of Philadelphia, and on November 2, 1891, the street was accepted by the board of supervisors.

The evidence does not show whether Norton opened the street prior to his deed of dedication, or not.

The appellant, not having been paid for his material according to the terms of the contract, and there being a balance due thereon of $9,315, filed two mechanics' liens in the court of common pleas, No. 1, of Philadelphia, on the 28th of March, 1892, one thereof to No. 62, March term, 1892, against forty-five of the buildings named in the contract, claiming the sum of $5,675 against the buildings named therein; also another lien to No. 63, March term, 1892, against twenty of the buildings named in the contract, claiming against said buildings the sum of $3,640. In both of the liens Albert E. Norton is named as owner and James Hood contractor.

From the bill of particulars attached to and made part of lien No. 63, it appears that the first lot of bricks was delivered under the contract on April 23, 1891.

In said lien, No. 63, the property is described as follows: "against all those twenty adjoining three story brick dwelling houses or buildings and the lots of ground and curtillage appurtenant to the same, situate on the east side of 40th Street between Fairmount Avenue and Aspen Street, in the Twenty-fourth Ward of the City of Philadelphia."

On November 11, 1892, Albert E. Norton conveyed to Byron G. Buck and W. G. McDowell thirteen of the buildings named in lien No. 63, and on petition duly filed they were, by order of court of February 18, 1893, made parties defendant and allowed to intervene. On February 21 they filed their affidavit of defense, and on June 7, 1893, judgment was entered in favor of the plaintiff for want of a sufficient affidavit of defense. Subsequently John D. Johnson by conveyance from Buck and McDowell became the owner of three of the properties designated in lien No. 63 as numbers seven, fifteen and sixteen, and by agreement he was allowed to intervene and defend, and it was agreed that as to his properties the affidavit of defense filed by

Buck and McDowell should have the same force and effect as if filed by the said Johnson. Subsequently, to wit, on June 11, 1894, the judgment entered for want of a sufficient affidavit of defense was reversed by the Supreme Court,—see The Philadelphia Brick Company v. Johnson, 162 Pa. 199. The affidavit of defense alleged that two apportioned liens had been filed against parts of one entire block, and that the lien was filed more than six months after the materials were furnished. As the affidavit of defense fairly raised two questions of fact the case was remanded by the Supreme Court to the court below for further proceedings.

On the retrial of the case the opening of a street called Sloane street became material. If the street was opened and dedicated before the commencement of the buildings, then two apportioned liens could have been filed, while if the street had not been opened and dedicated the ground upon which the sixty-five buildings were erected was one block, but if divided by an open dedicated street there would have been two blocks entitling the contractor to two apportioned liens. The exact time when this street was opened, according to the testimony, is vague and uncertain. There is nothing to show that it was an open traveled street at the time of the execution of the contract between Hood and the appellant, or at the time of the commencement of the building. But the undisputed testimony is that the street was not deeded by Norton or accepted by the city as a street until after the execution of the contract and the commencement of the building. Under the undisputed testimony this property must be regarded as one block, though separated by a prospective street which was not dedicated or accepted at the time the contract was entered into and the building commenced: Atkinson v. Shoemaker, 151 Pa. 153. The court below directed a verdict for the defendant for the sole reason that two apportioned liens against buildings in the same block had been filed, where but one was authorized by law. Whether the lien was filed in time or not was a question for the jury under the facts, but as the judge directed a verdict for the defendant upon the ground that two apportioned liens could not be filed against the same block, that question is not properly before us, and if the judge was right in giving binding instructions to find for the defendant, whether the lien was filed in time or not, is immaterial.

The right to file liens against buildings to secure mechanics and material-men for work and labor done and materials furnished in the construction of such buildings, is a statutory right. A compliance with the terms of the statute is absolutely necessary in order to subject the building to the operation of the lien.

The appellant claims in this case that he has the right, under one entire contract for the erection of sixty-five buildings located on one piece of ground, to subdivide his block and file, one apportioned lien against one part thereof on which twenty buildings are erected, and another apportioned lien against another part thereof on which forty-five buildings are located. He therefore filed his liens for a balance due on his entire contract of $9,315, charging $3,640 of said balance to the part of the entire block occupied by twenty buildings, and the balance thereof, $5,675, to the part occupied by forty-five buildings. Such an arbitrary division between parts of the same block does not rest in the discretion of the contractor and cannot be sustained in the absence of statutory authority.

The appellant contends that his liens are good because not prohibited by statute and because there is no decision against their validity. If this reasoning is sound, then it follows that he had a right at common law to file his liens. That no such right exists requires no argument. The liens must be supported by statute or they are null and void, and it is no answer to say they are good because not prohibited.

The appellant further contends that he is entitled to maintain his liens under the various acts of assembly on the subject, as construed by our Supreme Court, and because the authorities all sustain this form of lien.

In Pennock v. Hoover, 5 Rawle 298, the claim of Isaac Childs was not for one claim for stonework done to thirteen houses, but, as stated by the auditor, Childs filed four claims, first for $80.79 against three houses, second, for $99.50 against four houses, third, for $80.79 against three houses, fourth, for $80.79 against three houses. The auditor reduced the entire claim of $336.74 to $217.38 which he apportioned pro rata among the thirteen houses. In his opinion on this claim, reversing the auditor, Justice KENNEDY said "It now only remains to notice what I consider an error in the manner of charging and allow-

ing the claim of Isaac Childs.    From the report of the Auditor it appears that he had three several claims of eighty dollars and seventy-nine cents each, which were each charged jointly on three of the houses, and a fourth of ninety-nine dollars and fifty cents, charged on four of the houses.    Each claim embraced houses different from that of every other so that no one or more of the same houses were included in any two of the claims. These claims were each reduced something by the Auditor, but then he seems to have charged the aggregate of the balance of them as one entire claim jointly upon the thirteen houses embraced in the four several claims instead of charging the balance of each claim separately upon the proceeds of those houses specified within it, and against which it was filed.    This must also be corrected, or otherwise Childs, upon the principle laid down for adjusting and making distribution of the money among the several claimants will receive more than his due proportion."

It appears from the report of the case that Childs had done work as a stone mason upon four groups of the eighteen houses in one block, made his charges and filed his lien against the group according to his contract relative to each group.    This he had a right to do.    But had his contract been entire for the stone work upon thirteen of the eighteen houses, he could not have arbitrarily cut it into four parts and filed four claims against four groups of the houses; and Pennock v. Hoover sustains no such construction of the act of 1806 and its supplement of 1808.

In construing the act of 1806 it was held that under that act a joint claim could not be filed against two or more adjoining houses owned by different persons,—Gorgas v. Douglass, 6 S. & R. 512.    In Pennock v. Hoover, supra, it was held that under the act of 1806 and its supplement of 1808 a joint claim could be sustained against buildings owned by the same person, per Justice KENNEDY, " I am inclined to believe that the intention of the legislature, when collected from the whole of the Act of 1806, and its supplement of 1808, was to give the party who furnished materials generally, for the construction of two or more houses belonging to the same owner, without knowing how much of them was intended for each particular house, or who performed labor in the construction of them under one

entire contract generally, a joint lien upon all the houses, according to the full extent of the contract."

A mechanic's lien cannot be apportioned among an entire block of houses belonging to the same owner but separated from each other by public streets: Goepp v. Gartiser, 35 Pa. 130; Schultz v. Asay, 2 Pennypacker 411; Lucas v. Hunter, 153 Pa. 293.

Where different groups of buildings are erected under one contract upon the same piece of ground, though separated by a private alley or vacant lot intended for a street, they are subject to an apportioned lien: Taylor v. Montgomery, 20 Pa. 443; Fitzpatrick v. Allen, 80 Pa. 292; Kline's Appeal, 93 Pa. 422.

The spirit of the act of the 16th of June 1836 authorizes a material-man, who has furnished materials to one contractor jointly and indiscriminately for the use of two buildings owned by different parties, to divide his bill and file a separate lien against each building: Davis v. Farr, 13 Pa. 167.

An apportioned mechanic's lien for materials may be filed against houses in the same block separated by a prospective street which was not dedicated at the time the contract was entered into and over which the public had then acquired no right: Atkinson v. Shoemaker, 151 Pa. 153.

The authorities cited by the appellant fail to convince us that his position is correct. Section 4 of the act of March 30, 1831, provides that "whereas, it sometimes happens, that several houses and other buildings, adjoining each other, are erected by the same owner, so that it is impossible for the person who has found and provided materials for the same, to specify in his claim filed, the particular house or other building for which the several items of his demand were so found and provided; and whereas, doubts have arisen as to the true construction, in such case, of the laws of this commonwealth; therefore, it shall and may be lawful, in every such case, for the person so finding and providing materials as aforesaid for two or more adjoining houses and other buildings, built by the same person, owner of the same and debtor for the said materials, to file with his claim thereof, an apportionment of the amount of the same, among the said houses and other buildings; and each of the said houses and other buildings shall be subject to the payment of its said

apportioned share of the debt contracted, in the same manner as is provided by law in other cases."

Section 13 of the act of June 16, 1836, provides that " In every case in which one claim for materials shall be filed by the person preferring the same, against two or more buildings, owned by the same person, the person filing such joint claim shall at the same time designate the amount which he claims to be due to him on each of such buildings, etc."

The appellant, under an entire contract with Hood, the contractor, who had an entire contract with Norton, the owner, for the erection of sixty-five buildings upon one piece of ground, filed two claims instead of one, and apportioned the amount due between two blocks of houses where there was in fact but one, thus creating each block an integer followed by another apportionment among the respective buildings in each artificial block. Had this piece of land been divided by a public street, the appellant's contract would have doubtless conformed to the true situation, and two liens might have been sustained, one against each block. But as the block was entire, the statute does not authorize the filing of two claims.

The evidence as to the comparative size and value of the buildings is unsatisfactory. The apportionment made between the two blocks would indicate the twenty buildings more valuable than the forty-five, as they were charged with nearly four-ninths of the amount of the balance claimed to be due against the entire sixty-five houses. What injustice might have been done by the apportionment to the appellant we cannot determine from the evidence, nor is it material to do so. It is sufficient to say that no statute or precedent sustains any such subdivision.

We do not think Young v. Chambers, 15 Pa. 266, overruled, and it is ample authority for our conclusions in this case.

There is another aspect that requires consideration. The agreement between the appellant and John Hood was entire. The bill of particulars, as rendered and filed and made part of the lien, was for 2,033,600 bricks for premises Fortieth and Fairmount avenue, Aspen, Union streets, etc., etc. While it is held in Davis v. Farr, supra, Harper v. Keely, 17 Pa. 234 and other cases, that a material-man, who has furnished materials to one contractor jointly and indiscriminately for the use of two

buildings owned by different parties, may divide his bill and file a separate lien against each building, and while we do not question this right, yet in each of those cases the contract between the owner and principal contractor was an entire one for a separate building, and consequently the lien of the material-man must follow and be governed by the contract of the principal parties. In the above cases Pennock v. Hoover is cited as authority. In that case Justice KENNEDY said, " There being but one contract, and that embracing all the buildings, there could be but one action on the contract and only one lien." In Taylor v. Montgomery, supra, it was said by Mr. Justice LOWRIE " The mechanics' lien laws recognize the filing of one lien against several houses, and the apportionment of the amount among them; but they do not define the cases in which such joint lien is proper. In order to obtain such a definition we must resort to the analogy of other cases, and the case of joint contracts requiring joint remedies is an obvious one."

It is clear that the appellant under his contract could not sever it and bring one action against Hood for the bricks furnished for twenty of the sixty-five houses, and another for the portion furnished for the remaining forty-five.

We are aware that in Millett v. Allen, 3 W. N. C. 374, it was held that separate liens could be filed against each of several buildings under a contract with the same owner, but the language of the eminent judges above quoted appears to be the true basis upon which to rest a joint apportioned mechanics' lien.

When this case was first tried in the court below, it was thought by the learned trial judge that the liens were properly filed. On an appeal to the Supreme Court, 162 Pa. 202, on the question of the sufficiency of the lien, Mr. Justice GREEN said it was a doubtful question, and added " The affidavit also alleges that a certain street, called Sloane street, running through the whole block which faced on four different streets, was not dedicated or placed on the city plan until after the contract for the entire sixty-five buildings was made, and therefore there was no right in the plaintiff to file two apportioned liens. This also raises a question of fact which may be, and probably is, essential to the determination of two legal questions, to wit, one, whether two apportioned liens on parts of one entire block can

be filed in any case, and, if so, whether they can be so filed, when as a matter of fact, the land upon which the whole number of buildings was erected was a unit and undivided by any streets running through it at the time of the contract."

The question of fact having been settled on the retrial, that Sloane street was not dedicated or placed on the city plan until after the execution of the contract and commencement of the buildings, the trial judge directed a verdict for the defendant on the ground that two apportioned liens on parts of one entire block, undivided by any street cannot be filed.

In view of all the authorities and the various acts of assembly relative to mechanics' liens, we are unable to discover any right in the appellant to the extraordinary remedy sought to be enforced in this case. Had he made a contract for the erection of the twenty houses separate from the others in the block, he would have been entitled to his lien apportioned among those houses, but his contract was for sixty-five, and, as his bill of particulars shows, was for bricks used indiscriminately for one construction though consisting of adjoining parts situated upon one piece of land, and no item of the bill shows any particular part of the structure for which any of the bricks were intended, under such circumstances the arbitrary division of the block and a further division and apportionment among the buildings of each part thus established is not warranted by law, and a claim thus filed is bad because unauthorized.

If an apportioned claim against buildings erected under one contract, separated by streets, cannot be sustained "because such an apportionment is neither within the reason nor letter of the acts of assembly," then for the same reason one block cannot be arbitrarily divided, and two claims filed where the statute clearly authorizes and contemplates but one.

The judgment is affirmed.