## Jeannette Planing Mill Co., Appellant, *v.* John Greenawalt.

*Appeals—Good judgment—Erroneous reasons.*

A good judgment will be affirmed although the reasons given for it by the court below may not be.

*Separate mechanic's lien—One operation—Intervening street—Evidence —Proof required.*

Where the proofs show that materials furnished were furnished indiscriminately on the credit of five buildings that were being erected about the same time, some of them on one side of the street and some of them on the other side, separate mechanics' liens may be filed against each property; but the claimant may not designate by an apportionment the amount for which each house is liable and he must fail to recover on the sci. fa. when he is unable to offer any direct evidence to show that any of the materials claimed in the bill of particulars were furnished on the credit of the particular house against which the lien in suit was filed.

Argued April 18, 1899. Appeal, No. 67, April T., 1899, by plaintiff, from judgment of C. P. Westmoreland Co., Aug. T., 1893, No. 101, in favor of defendant non obstante veredicto. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEEBER, J.

Sci. fa. sur mechanic's lien. Before McCONNELL, J.

It appears from the record and evidence that defendant was the owner of land which he subdivided into lots and began the erection of five separate and distinct dwellings, each dwelling being on a separate lot and distinct from and in no way connected with the others. Schatzer was the contractor for the erection of all these houses, which were similar in size, shape, construction and finish. Four, however, were on one side of the street and one on the other side. The contractor obtained all the material required in the erection of these houses from plaintiff. After the lumber had been delivered and used in the construction of the houses, and before they were fully finished,

Schatzer, the contractor, disappeared and has not since been heard from.    Plaintiff filed a separate and distinct lien against each house, for the amount of lumber furnished by it towards its erection and construction.    In the bill of particulars filed with each claim, it set forth a copy of its book account showing the entire quantities and values of all the lumber furnished for the five houses, with the credits and balance due on the entire account.

At the trial the court directed a verdict for plaintiff for the balance due, $988.31, subject to a question of law reserved, and afterward gave judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was entry of judgment in favor of defendant.

*V. E. Williams*, with him *A. M. Sloan* and *W. A. Griffith*, for appellant.—This judgment, as well as the able argument of the court below, on which it is based, is fully answered by the opinion and judgment of the Supreme Court in the recent case of Gordon v. Norton, 186 Pa. 168.

*Edw. E. Robbins*, with him *Jno. E. Kunkle*, for appellee.— In the case of Young v. Chambers, 15 Pa. 265, GIBSON, C. J., says : " As the joint claim against the two blocks was void they could not be jointly charged in the books, and entries for materials furnished without discrimination to both were properly rejected.    It is as easy to distinguish between separate blocks as it is to distinguish between separate houses in different streets which must be severally charged."

In this case the court admitted the books and evidence of the plaintiff, under objection, to show that lumber and materials were furnished indiscriminately to five houses, and without more proof the plaintiff rested.

As the testimony in itself was incompetent, irrelevant and insufficient to establish a claim against one house the court very properly entered judgment for the defendant non obstante veredicto.

OPINION BY BEEBER, J., July 28, 1899 :

Greenawalt as owner and Schatzer as contractor built five houses upon the owner's land.    Three of the houses were on

adjoining lots upon one side of the street.   Next to these came the property, about the size of three lots, occupied at the time of the trial by the widow of Greenawalt.   Next came the fourth lot.   These were all on one side of the street, and the fifth lot, upon which the fifth building was erected, was upon the opposite side of the street.   The work upon all the houses was going on at the same time.   All the lumber and presumably mill work required in the construction of these houses were obtained from the plaintiff upon the order of Schatzer, the contractor.

The plaintiff filed five separate liens, one against each one of these properties.   Each lien claimed for a balance of $789.62, "being a debt contracted for John Greenawalt at the request of the said Louis Schatzer by the said Louis Schatzer, contractor, continuously within six months last past for and toward the erection and construction of and on the credit of the said building at the times and in the quantities in the annexed bill particularly mentioned."   The bill of particulars proved to be an itemized statement of material furnished indiscriminately for the five houses, but this fact did not appear until the evidence was before the jury.   So far as the form of the lien is concerned, we can see no objection to it, because it appears to be perfectly regular upon its face.   After the evidence was all before the jury, the court directed a verdict in favor of the plaintiff for the full amount claimed in this lien, reserving this question: "Whether the plaintiff is entitled to recover in this case where it appears from the undisputed proof that the debt for which this lien was filed was for the lumber and materials furnished indiscriminately for the erection and construction of five separate and distinct houses built on different lots and some of which are separated from the others by an intervening street."

On motion by the defendants for judgment in their favor non obstante veredicto the court entered judgment against the plaintiff and in favor of the defendant upon the ground that the facts appearing in the point reserved showed that there was under the law no right to recover.   We think the right to file separate liens under the facts of this case is clear.   The leading case of Pennock v. Hoover, 5 Rawle, 291, establishes this. That case arose prior to the Act of 1831, P. L. 242, which gave a right to material men to file a joint lien against several

houses and apportion among them the amount due from each, so that the effect of that act was not under review. Nor was the Act of 1836, P. L. 695, under discussion, but the Acts of 1806, 4 Sm. L. 300, and 1808, 4 Sm. L. 528. These two latter acts differ in no substantial respect from the act of 1836 as to the right of material men to file a lien so far as any question in the present case is concerned. The language from the opinion in that case, quoted by the court below to sustain the proposition that under the circumstances of such a case as the present one the lien must be joint, was misunderstood. While such quoted language was used by Mr. Justice KENNEDY, it is evident that he was in effect stating only the argument of the judgment creditors who were attacking the lien. They first argued that there could only be a joint lien. Having established this they then urged that the court should not construe the acts as allowing a joint lien because no one of the separate properties included in that joint lien could be relieved from the lien unless the whole amount claimed upon all the buildings was paid. It was clearly shown that the difficulty involved in paying for all before one of the houses could be released was not one that would prevent an interpretation of the acts to the effect that a joint lien could be filed. Further on in the same opinion it is shown that the case is authority for the proposition that separate liens could be filed under circumstances such as are in this case, for the following language is used : " So I also think, that where a lumber merchant furnishes material for, or the mechanic does work, in the construction of two or more contiguous houses, belonging to the same person, under a general request, without any specific contract for each house separately, that he may under the acts of assembly, either file his claim for the amount against all the houses jointly, or he may apportion it among them according to the value or price of the materials furnished or the work done to each, and file his claim accordingly against each house separately, and thus continue his lien in either form." That this is the true meaning of this case is also evident from the opinion of Mr. Justice MITCHELL in Gordon v. Norton, 186 Pa. 168, where he says, speaking of it, " It was held that as against one owner the claimant might apportion his claim and have a separate lien against each house, or he may file a joint claim and, in that case, each house would be held for the whole amount."

A consideration of the circumstances leading to the passage of the act of 1831 in reference to apportionment will show that this conclusion is correct. The preamble of this act of 1831 clearly shows that it was meant to meet those cases where it was difficult or impossible for the material man to name the particular house into which each item of his material went, owing to the fact that several adjoining houses were building at the same time, for all of which he was furnishing material. Up to the time of the passage of the act it does not appear to have been contended that a separate lien in the case of adjoining houses could not be filed. The purpose of the act was to make it easy for the claimant, in those cases where it might be impossible for him to prove into what particular building each item of his claim went, by allowing him to file a joint lien against all the houses, apportioning the total amount claimed among the different houses embraced in the lien. We can see no reason whatever why this prior existing right to file a separate lien, even in the case of adjoining buildings, should be supposed to be taken away because of the right given by the act of 1831. The act of 1831 is remedial and permissive, intended to meet a particular class of cases, and if, for any reason, a claimant does not think there is any difficulty in specifying and proving to which house his material was furnished, we can see no reason why he should be compelled to file a joint lien. We regard it as clear under Pennock v. Hoover and Gordon v. Norton, supra, that separate liens can be filed under the facts such as are revealed in this case. The doctrine that a joint lien cannot include properties on opposite sides of streets has nothing to do with this question of the right to file separate liens.

Nor do we think that the mere fact that the claimant has included in his bill of particulars in one separate claim certain materials which were furnished to other houses, building at the same time, precludes him from recovering for whatever materials mentioned in his bill he can show by his evidence were furnished to the building against which the lien on trial is filed. We see no reason whatever why claiming, by mistake, too much in a bill of particulars makes the lien void and prevents proof of the delivery to the property, against which the lien is filed, of other items in the bill.

162        MILL CO. *v.* GREENAWALT.

It is true in this particular case the claimant could not have filed a joint apportioned lien against the five houses because one was separated from the other four by a public street : Goepp v. Gartiser, 35 Pa. 130; Lucas v. Hunter, 153 Pa. 293. But this is a difficulty which it could have overcome by filing separate liens, provided it had so delivered its material that it could prove what went into each house. Where the situation of the houses is such that it is proper to file a joint apportioned lien, the act of 1831 allows the claimant to file with his claim an apportionment of the amount claimed among the houses "and each of the said houses and other buildings shall be subject to the payment of its apportioned share of the debt contracted." This act did not specify whether there should be an absolute pro rata apportionment or whether the claimant should fix the proportion. The 13th section of the Act of 1836, P. L. 695, did, however, require the claimant to "designate the amount which he claims to be due him on each of said buildings." But he is not obliged to file a joint apportioned claim. He may, if he chooses, file separate claims against adjoining properties and apportion among the different houses, and this even as against different owners with the same contractor. Any injustice that might possibly be done by claiming an improper proportion from any one of the houses may be corrected by the jury on the trial of the scire facias under the court's direction: Davis v. Farr, 13 Pa. 167 ; Harper v. Keely, 17 Pa. 234. But where a joint apportioned lien cannot be filed it is not within the power of the claimant to file separate claims and designate by an apportionment the amount for which each house is liable. To allow this is considered dangerous and impolitic, because it enables a contractor for the erection of houses, widely separated, and having nothing in common except that they are building at one time and under one contract, to fasten upon each of the buildings a claim resting upon nothing but guesses as to the amount each is to pay. In such cases there must be some proof given of the amount of material furnished to each house, or something more than mere proof that credit was equally given to all the houses when the material was furnished : Schultz v. Asay, 2 Penny. 411; s. c. 10 W. N. C. 33; 11 W. N. C. 194. At first glance it would appear that Millett v. Allen, 3 W. N. C. 374, was an exception, but a close examination will

show that the situation was such that a joint apportioned lien could have been filed.   Moreover, sci. fas. were issued upon all the liens and the cases were tried together, so that, in effect, it was the same as if a joint apportioned claim had been filed and a sci. fa. issued on it.

The plaintiff's difficulty was with its evidence.   It offered no direct evidence to show that any of the material claimed in its bill of particulars was furnished on the credit of the particular house against which the lien in suit was filed.   All it was able to do was to show that it furnished the lumber and mill work for all five houses whose erection was proceeding simultaneously, that they were substantially alike in size and in the material used and that the material was furnished on the credit of the five houses indiscriminately.   Whilst this might have been sufficient under the practice that has grown up in the cases of properly filed joint apportioned liens, or of separate claims against adjoining houses with an apportioned amount against each, it is not enough in the cases where the properties are separated by public streets.   In such cases there must be something more than the mere inference that would arise from the fact that the material was furnished for a certain number of houses indiscriminately, against one of which the lien in suit was filed: Schultz v. Asay, supra.   As there was this fatal defect in the plaintiff's evidence we are compelled, although we do not agree with the reasons that led the learned court below to reach it, to affirm its judgment.   A good judgment will be affirmed although the reasons given for it by the court below may not be: Susong's Appeal, 2 Pa. Superior Ct. 611.

Judgment affirmed.