## Fitzpatrick *versus* Allen.

1. Where two blocks of houses built under the same contract are not divided by a public street or alley, but by a private way, the right to which belongs to both blocks, there is not such a severance as will prevent an apportionment of a mechanic's claim amongst the several houses.

2. Acts of March 30th 1831, sect 4; June 13th 1836, sect 13; April 25th 1850, sect 38, considered and compared.

January 10th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* Of July Term 1873, No. 154.

This was a scire facias sur Mechanics' Lien, issued September 7th 1871, by James Allen against Terence Fitzpatrick and Daniel Fitzpatrick, owners, and Terence Fitzpatrick, contractor; the jury was sworn to try the issue between the plaintiff and "Terence Fitzpatrick, owner and contractor."

The claim was filed on the day the writ issued, against twenty houses; ten on the south side of Christian street between Twenty-third and Twenty-fourth streets, the lots running south to an alley three feet and ten inches in width, and ten on the north side of Montrose street between the same streets, the lots running north to the same alley; the claim was for roofing and amounted in the whole to $751.57; the lien was apportioned, viz.: $49.41 on each of the Christian street houses and $25.75 on each of the Montrose street houses. This scire facias was on the lien against one of the Montrose street houses.

On the trial, April 12th 1873, before Mitchell, J., the plaintiff proved that he did the roofing under a verbal contract for the whole twenty houses at six and a half cents per square foot; he proved the value of the work done for all the houses and that the proportion chargeable to the house in question amounted to $25.75.

[Fitzpatrick v. Allen.]

On cross-examination he said, that there was an alley running from Twenty-third to Twenty-fourth street between the lots on which the houses were built and that the houses on Christian street did not adjoin those on Montrose street, but that on the respective streets they adjoined each other.

The plaintiff having rested the defendants gave evidence as follows:—

C. M. S. Leslie, being the owner of the whole ground from the south side of Christian street to the north side of Montrose street between Twenty-third and Twenty-fourth streets, on the 29th of September 1870 conveyed it to William Long by two deeds, one describing a lot on Montrose street running back "to a three feet ten inch wide alley which leads westward from Twenty-third to Twenty-fourth street, bounded northward by said alley, &c., together with the free and common use, right, liberty and privilege of the said three feet ten inches wide alley as and for a passage way and for the purpose of laying drain pipes therein, but not for the purpose of conveying water over and along the surface thereof," &c. The other deed described a lot on the south side of Christian street between Twenty-third and Twenty-fourth streets, running back "to a three feet ten inches alley, leading from Twenty-third to Twenty-fourth street, bounded southward by said alley," &c., with the same description as to the right, &c., to the alley as in the deed for the Montrose street ground, it being the same alley; Long's title passed to defendants September 30th 1870. T. Fitzpatrick said in his examination that he did not own the alley.

The defendants' points were:—

1. If there is an alley separating the block of buildings on Christian street from the block on Montrose street, the title in fee to which alley, at the time of the commencement of said buildings, was and now is vested in a different person from the owner of the ground on both sides of said alley, the verdict must be for the defendant.

2. If two blocks of houses are erected, and there is an interval between them, one joint apportioned claim cannot be filed against both blocks.

The court charged:—

"This is an action on a mechanic's lien. You are not settling, in this case, whether Mr. Fitzpatrick owes Mr. Allen any money or not, but whether this is a good lien or not.

"There are two points made by the defence : That the two series of houses were not upon one lot, but separated by an alley.

"If this were a public alley, then there should have been separate liens filed for each row, and the lien in this case is bad. If, however, this is a private alley, I will not decide whether it affects the validity of this lien, but will reserve it for the decision of the full court. For the purpose of your verdict, I instruct you that the lien is good in this respect." * * *

[Fitzpatrick *v.* Allen.]

The point reserved was :—

" Whether under the evidence the lien was valid as an apportioned lien."

The verdict was for the plaintiff for $26.26.

The court in banc afterwards entered judgment on the verdict on the reserved point for the plaintiff.

The defendant took a writ of error and amongst others, assigned for error, entering judgment for the plaintiff on the reserved point, and deciding that the joint apportioned lien on which the suit was brought was good.

*E. C. Shapley*, for plaintiff in error.—An apportioned claim cannot be filed against separate blocks of buildings, situate on different streets: Young *v.* Chambers, 3 Harris 267 ; Goepp *v.* Gartiser, 11 Casey 130. Where there is an interval, however small, which prevents the whole from being one continuous structure, an apportioned claim cannot be sustained : Campbell *v.* Furness, 1 Phila. R. 372.

*J. W. Paul*, for defendant in error.

Judgment was entered in the Supreme Court, January 17th 1876,

PER CURIAM.—Under the 14th sect. of the Act of 30th March 1831, apportionment was allowed. when materials were furnished to two or more adjoining houses. The 13th sect. of the revised Act of 1836 omits the expression " adjoining" and makes other changes in the Act of 1831, but its repealing clause extends only to all acts altered by the act. The Act of 25th April 1850, extending the right of apportionment to work done and material furnished, also omits the word " adjoining," but limits the claim to work and materials under one contract. The case of Pennock *v.* Hoover, 5 Rawle 291, decided in 1835, had held that joint claims might be filed against several adjoining houses, the property of the same person, and that each building was liable for the whole amount. But the Act of 1836 required an apportionment to be made, and limited the lien to the amount so designated upon each building. In the case of Gorgas *v.* Douglas, 6 S. & R. 512, the filing of a joint claim against adjoining houses belonging to different owners was held to be void ; but in Davis *v.* Farr, 1 Harris 167, it was decided that such a claim was valid when filed against one and the same contractor, and was within the spirit of the Act of 1836 ; Harper *v.* Keely, 5 Harris 234, is to the same effect. Thus it is evident from the current of legislation and judicial decision that the chief criterion, in these cases of apportioned liens, is the contract under which the claim arises, while the characteristic of the adjoinder of the buildings is not so prominent. Indeed, its

[Fitzpatrick *v.* Allen.]

omission both in the Act of 1836 and 1850, shows a decided want of attention to it in the legislative mind. Yet we do not hold that this characteristic is absolutely repealed; but under the spirit of legislation and decision, we may hold with perfect confidence that where two blocks of houses, built under the same contract, are not divided by a public street or alley, but merely by a private way, the right of which belongs to both blocks, there is not such a severance as will prevent an apportionment of the claim among the several houses.                                        Judgment affirmed.