# Kline's Appeal.

1. A tract of land was divided by its owner into ten building lots fronting on a street. On these lots ten houses were built, two houses adjoining each other, making five blocks of two houses, each house having a side yard. Between two of these blocks an additional space of sixty feet was left, intended for a street. Mechanics' liens were filed against the whole row, which were apportioned among the ten houses. It was objected that the liens could not be so apportioned because of their separation by this sixty feet space. *Held,* that the rights of the mechanics, with reference to apportionment, were to be determined by the time when the work was commenced, and as the space had not then been dedicated as a public street, the liens were properly apportioned.

2. Fitzpatrick *v.* Allen, 30 P. F. Smith 292, followed.

March 4th 1880. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR, and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Berks county :* Of January Term 1880, No. 201.

Appeal of Charles G. Kline from the decree of the court in the distribution of the proceeds of the sheriff's sale of the property of John T. Noble.

Noble was the owner of two acres and sixty perches of land situate in the village of Lyons, which was laid out in ten building lots, fronting on a street to be opened and to be called Hunter or Noble street, and so described in the several liens filed. The lots are 30 feet front, and running back 140 feet to an alley to be opened 18 feet wide. On these ten lots ten houses were built, two houses adjoining each other, 16 feet front by 28 feet deep, thus making, as it were, five blocks, each house having a side yard of 14 feet or 28 feet between each block of two houses. Between houses

4 and 5, or blocks 2 and 3 with their side lots, an additional space or piece of ground of 60 feet was left, intended for a street, at right angles to and leading from and into the proposed Hunter or Noble street, as appears by the draft attached to the commissioner's report. These ten houses, or five blocks, are in one row, were built at one time, and all are fronting on the proposed Hunter or Noble street.

A number of mechanics' liens were filed against said houses for work done and materials furnished, some of which were apportioned on each of the ten houses, others were apportioned on each house of several blocks, and others were apportioned upon blocks. The houses in question were sold at sheriff's sale some time in February 1877, under a judgment of Charles G. Kline, bearing date the 19th of October 1875.

A reference was made to an auditor to report distribution of the fund arising from the sale. Before the auditor Kline contended that the mechanics' liens of Herzog and others, who had filed apportioned liens against the ten houses, were not properly apportioned on the blocks separated by the 60 feet space, and that these claimants were not therefore entitled to share in the proceeds. The auditor, B. Frank Dettra, Esq., however, allowed their claims, and the court, Hagenman, P. J., afterwards dismissed the exceptions to his report, and confirmed the same in an opinion, inter alia, saying:

"It is insisted by the exceptants that these liens having been apportioned among the ten houses are not such as fall under the class of apportioned liens, and are therefore defective, and cannot participate in the distribution. The objection consists in the fact that between houses 4 and 5, or blocks 2 and 3, there is a space of ground of 60 feet which was intended for a street. This forms the only ground of objection. That apportioned liens could have been filed against houses 1, 2, 3 and 4, composing blocks 1 and 2, and against houses 5, 6, 7, 8, 9 and 10, composing blocks 3, 4 and 5, cannot be successfully questioned. Is the objection sufficient to invalidate these liens?

"The commissioner finds in his report that these several houses were erected at one time on one tract of land, forming a legal whole or unit, of which the intervening space is a part and parcel, and the materials were furnished and the work was done upon their joint credit. The evidence fully supports this finding. At the time the tract or piece of land was laid out the 60 feet were intended for a street, but when the buildings were begun, and up to the time when they were finished and liens filed, no street was laid out and opened, and none has been to this day.

"The 4th section of the Act of 30th May 1831 gave to the material-man the right to file an apportioned lien when the materials were furnished for two or more *adjoining* houses. The Acts of 1836 and of 1850, referred to in a former part of this opinion, in which the right to file apportioned liens is given against two or more

buildings owned by the same person, the word *adjoining* is omitted. The purpose of these acts is manifest. When a contractor is erecting two or more houses under a joint contract, it is impossible for the material-man to specify in his claim filed the particular house or building for which the several items were furnished, especially so in this age of improved machinery, when the lumber and materials generally are taken to the mill and prepared before taken to the buildings. The same reason applies to the mechanic and laboring man. The work is mainly done in the mill and shop. The flooring, frames, doors, shutters, sash, &c., are prepared promiscuously for all the houses; and it is utterly impossible to tell how many days' work was expended on any particular part that was put into any one of the buildings.

" Numerous supplements have been passed to the Act of 1836, all with the obvious intent of securing to the mechanic and material-man a lien for the work and materials furnished. Two were passed in 1879. The one of 11th June authorizes and requires the court to permit amendments in any stage of the proceedings, conducive to justice and a fair trial upon the merits, including the changing, adding and striking out the names of claimants, and by adding the names of owners and contractors respectively; and the one of 28th June extends the provisions of the Act of 1836 for work done and materials furnished for or about the repair, alteration or addition to any house or other building, with other important provisions and extensions, all with the like intent.

" Mechanics' liens have become an important part of our system of jurisprudence. The Supreme Court has moulded the law from time to time, and has given it such a construction as to perfect the system and carry out the object and intention of the legislature. The Acts of 1836 and 1850, which gave the right to file an apportioned lien against two or more buildings owned by the same person, were held to include adjoining houses belonging to different owners, when the lien filed was against the same contractor, although not being within the words was considered as being within the spirit and object of the act. So, too, an apportioned claim was held good where two houses belonging to different owners, were erected under a joint contract on opposite sides of a private alley, the use of which belonged to both properties. The contract is the main ground upon which the right to claim is founded. In Taylor *v.* Montgomery, 8 Harris 443, Montgomery was the owner of a lot between Broad and Thirteenth streets, in the city of Philadelphia, fronting on Wood street and Bloom alley. Sixteen houses were erected on Wood street in one block, and sixteen on Bloom alley in one block. Taylor filed one lien, and apportioned his claim against the thirty-two houses. The court below held the lien bad, on the authority of Chambers, *v.* Yarnall, 3 Harris 268, where the circumstances and situation of the premises

[Kline's Appeal.]

were precisely the same. The Supreme Court reversed the judgment. Judge Lowrie, in ruling the case, says, ' The mechanics' lien laws recognise the filing one lien against several houses, and the apportionment of the amount among them, but they do not define the cases in which such joint lien is proper. In order to obtain such a definition we must resort to the analogy of other cases; and the case of joint contracts requiring joint remedies is an obvious one.' Here all the buildings were put up by the owner at one time and on one lot, and the materials were furnished for them all jointly, and it was entirely proper to make them the subject of *one* apportioned lien. The case of Fitzpatrick *v.* Allen, 30 P. F. Smith 294, is a further step in advance. Leslie being the owner of the whole ground, from the south side of Christian street to the north side of Montrose street, between Twenty-third and Twenty-fourth streets, in the city of Philadelphia, conveyed it by two deeds—one describing a lot on Montrose street running to a three-feet ten-inch wide alley, leading from Twenty-third to Twenty-fourth streets, with the free and common use, &c., of said alley; the other deed for a lot on south side of Christian street running back to the said alley, with the same privileges. Fitzpatrick, the owner of these two lots, erected ten houses in one block on the south side of Christian street, and ten houses in one block on the north side of Montrose street. Allen did the roofing on the whole twenty houses, under a verbal contract at a certain price per foot, and filed one lien and apportioned his claim among the twenty houses.

" Fitzpatrick said in his examination that he did not own the alley between these two properties. The court below sustained the lien and this judgment was affirmed in the Supreme Court. Chief Justice Agnew, in a Per Curiam opinion, referring to the several Acts of Assembly and a number of decisions in regard to apportioned liens, says: ' It is evident from the current of legislation and judicial decisions that the chief criterion, in these cases of apportioned liens, is the contract under which the claim arises, while the characteristic of the adjoinder of the buildings is not so prominent.' Indeed, its omission both in the Act of 1836 and 1850 shows a decided want of attention to it in the legislative mind. Yet we do not hold that this characteristic is absolutely repealed; but under the spirit of legislation and decision we may hold with perfect confidence, that when two blocks of houses built under the same contract are not divided by a public street or alley, but merely by a private way, the right of which belongs to both blocks, there is not such a severance as will prevent an apportionment of the claim among the several houses.

" On the authority of these cases, and the great reluctance on the part of the court to set aside mechanics' liens on technical grounds, the liens of G. Herzog & Co. should be sustained. The ten houses were erected at one time, on one lot of ground, and the work and

[Kline's Appeal.]

materials were furnished for them all jointly.    The lot was cut out of a field of farm land with no public roads leading to or from it. Noble street, when opened, was only a private way running in from these houses.    The supervisor was not obliged to open and make it, or keep it in repair.    Had the sixty feet between houses four and five, been opened, it would be a private way for the common use of the several lot owners to pass from Noble street to the alley, which runs along the rear of these lots.    It began at Noble street and ended in the alley.    In no way is the objection to these liens, a parallel case to Goepp *v.* Gartiser, 11 Casey 132.  *  *  * The exceptions are dismissed and the report is confirmed."

From this decree this appeal was taken.

*H. H. Schwartz* and *Horace Roland,* for appellant.—It has been held. that if the claimant can specify the particular work done to each house, he must file separate claims.    Such specifications can be readily made in such a case as the one at hand, where not only there is an intervening space, but even the houses on either side of said space are built in separate and distinct blocks, with open yards between them:    Chambers *v.* Yarnall, 3 Harris 268;    Thorn *v.* Shaw, 5 Leg. and Ins. R. 19; Boyd *v.* Mole, 9 Phila. 118.

It is only where the materials are provided and work done, jointly and indiscriminately, upon several adjoining houses, that one apportioned lien is sufficient: Pennock *v.* Hoover, 5 Rawle 291;   Davis *v.* Farr, 1 Harris 167 ; Harper *v.* Keely, 15 Id. 234; Thomas *v.* James, 7 W. & S. 381.

No community of rights or property or privileges exists.    The intervening lot is a separate and distinct property, and in no sense of the word can the ten houses or five blocks, be said to be adjoining.    The lot of sixty feet is not necessary to the enjoyment of any of these properties, and would not pass by a judicial sale of any of them.    The position of these properties is the same as though they stood on opposite sides of a street, and the invalidity of these liens is ruled by Goepp *v.* Gartiser, 11 Casey 132; Campbell *v.* Pharo, cited in Taylor *v.* Montgomery, 8 Harris 444; Campbell *v.* Furness, 1 Phila. 372; Millet *v.* Allen, 3 W. N. C. 374 : Fitzpatrick *v.* Allen, 30 P. F. Smith 292.

*Daniel H. Wingerd, Amos B. Wanner, Deshler Bros.,* and *Butz & Schwartz,* for appellees.—All the houses being owned by one person, the work and materials having been furnished by the lien creditors under a joint contract, and without reference to any particular house, but for all indiscriminately, it would have been impossible to specify how much work and material belonged to any specific one: Davis *v.* Farr, 1 Harris 167 ; Young *v.* Lyman, 9 Barr 449 ; Donahoo *v.* Scott,  2 Jones 45.

If it were the intention to convert the intervening space into a

[Kline's Appeal.]

street, it was not done before the liens were filed, nor indeed at any time, for it was sold to another party after the liens were filed; and no notice either of the intention as to the street, nor of the subsequent sale, having come to the parties claiming under these liens, brings this case exactly within the ruling of Fitzpatrick *v.* Allen, 30 P. F. Smith 294, and Taylor *v.* Montgomery, 8 Harris 443.

The judgment of the Supreme Court was entered March 22d 1880,

PER CURIAM.—We think this case is ruled by Fitzpatrick *v.* Allen, 30 P. F. Smith 292. The space between these blocks of houses of sixty feet was not a public street; it had not been dedicated as such before the buildings were commenced, whatever may have been the intention of the parties. That time is the period to be looked to as to the right of the mechanic, but it is admitted that the intention to dedicate it as a public street was abandoned. Here then the houses were adjoining, if that was necessary to make the joint and apportioned lien valid.

Decree affirmed and appeal dismissed at the costs of the appellant.