## Atkinson, Appellant *v.* Shoemaker.

[Marked to be reported.]

*Mechanics' lien—Apportionment—Prospective street.*

An apportioned mechanics' lien for material may be filed against houses in the same block separated by a prospective street, which was not dedicated at the time the contract was entered into, and over which the public had then acquired no right.

*Amendment to lien to explain street.*

An amendment to a mechanics' lien should be allowed, without prejudice to intervening rights, to show that an avenue named as separating the houses of an apportioned lien, was not a public street at the time the contract was entered into.

Argued April 1, 1892.   Appeal, No. 201, Jan. T., 1892, by plaintiff, Henry T. Atkinson, from decree of C. P. No. 4, Phila. Co., Dec. T., 1890, M. L. D., striking off mechanics' lien, etc., against Thomas Shoemaker.   Before STERRETT, GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Rule by plaintiff to amend mechanics' lien and rule by defendant to strike off lien.

The facts appear by the opinion of the Supreme Court. The lien as filed described some of the premises as "situate on the east side of Rutledge avenue," others as "situate on the west side of Rutledge avenue," both described as fronting on said avenue.

*Errors assigned* were (1) discharge of rule to amend; and (2) making absolute rule to strike off lien.

*N. Dubois Miller, John Sparhawk, Jr.,* with him, for appellant.—Taylor v. Montgomery, 20 Pa. 443; Fitzpatrick v. Allen, 80 Pa. 292; Kline's Ap., 93 Pa. 422, rule this case. The later cases hold that the character of the contract controls. Of course, if the contract is to build houses in different squares, they are distinct contracts, and the material-man may ascertain what material is delivered in each square, but where the contract relates wholly to a single square, even though the contractor leaves a space in the middle to be located as a street, there is no means of determining to which of the houses the material is furnished. If the proposed new street never should be dedicated, we should have the case of Fitzpatrick v. Allen. In that case the title to the bed of the alley was not in the owner of the ground on either side.

That other rights have intervened is no ground for refusing an amendment: Leeds v. Lockwood, 84 Pa. 70; Graham v. Smith, C. P., 21 W. N. 574. That might be ground to refuse participation in distribution.

*John G. Johnson,* for appellee.—A mechanics' lien cannot be filed against buildings separated by streets: Goepp v. Gartiser, 35 Pa. 130. The act of March 30, 1831, § 4, P. L. 243, is the only act authorizing apportioned liens. The acts of 1836 and 1850, while omitting the word "adjoining," were passed for the purpose of defining the mode of working out an apportionment of claim authorized to be filed by previous acts. Houses built on the opposite side of the same street do not adjoin, whether the street is public or private. Lots may adjoin in the rear when the houses are built on the opposite sides of parallel streets. An alley in the rear may not separate the lots, as in Fitzpatrick v. Allen, 80 Pa. 294. In that case each lot owner had the right to use the alley. In Kline's Ap., 93

Pa. 422, the intended street was never opened. In our case the claimant must have known that the materials were furnished for houses on opposite sides of the street. Subsequent purchasers would have such knowledge from the lien and as to them the lien would be void.

The amendment could not be allowed to the prejudice of subsequent grantees. The amendment would not have cured the defect; it was too vague. What is "dedication" is an inference of law rather than of fact. It did not negative the fact that Rutledge avenue was opened for the purpose of building a row of houses on each side thereof and that plaintiff furnished the materials with that end in view. The opening of the street was a permanent severance. Dedication is a question of intention. It may be shown by conveyance of lots described as bounded by streets: Schenley v. Com., 36 Pa. 62; Baker v. Gas Co., 73 Pa. 116.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

The only subjects of complaint, in this case, are:

(*a*) The order of court discharging plaintiff's rule to amend the claim.

(*b*) The order making absolute defendants' rules to strike off the lien.

The claim, for lumber and mill-work, amounting to $1,535.71, furnished to a building operation wherein defendant was both owner of the premises and contractor for said materials, was filed January 10, 1891, against a large lot of ground upon which one hundred and two houses had been erected; and said sum was duly apportioned nearly equally among said houses.

On November 19, 1891, defendant entered a rule to strike off the lien on the ground that it was defective, in that it appeared therein that some of the houses were situated on opposite sides of Rutledge avenue, alleged to be a public street. A similar rule was afterwards entered on December 8, 1891.

In the interim, November 28, 1891, plaintiff obtained a rule to show cause why the lien should not be amended by inserting, after description No. 102, the following:

"The said Rutledge avenue not having been dedicated at the time said contract was entered into, and not having been accepted by the city of Philadelphia as a public highway, and no

rights to the use of the same as a public highway having been acquired by the public."

The application to amend was supported by the affidavit of James Goodwin as to the truth of the matters therein stated.

The rule to amend was discharged, and that to strike off the lien was made absolute. From that action of the court this appeal was taken by the plaintiff.

It sufficiently appears that the claim was filed, in due form, to cover a building operation in which the defendant, in the dual capacity of owner and contractor, built one hundred and two houses upon a block of land bounded by Indiana avenue on the north, Cambria street on the south, C street on the east and Rosehill street on the west. Prior to commencement of the work and for some time thereafter there was not, nor had there ever been any street or public highway of any kind between either of said boundary streets and avenue; nor had any right, by dedication or otherwise, to use any portion of said block of land, been acquired by the public, prior to the commencement of said building operation thereon, and for some time thereafter.

In said affidavit of James Goodwin which was treated as evidence, he says: "The Rutledge avenue, referred to in the lien filed in this case, was not dedicated at the time the contract was entered into between the said Henry T. Atkinson and the said Thomas Shoemaker, and not until after the time when the said Henry T. Atkinson commenced furnishing the material for which the lien is filed; that the street had not been accepted by the city of Philadelphia as a public highway, and that no right to the use of the same as a public highway had been acquired by the public."

In locating the houses, the defendant left a strip of ground, extending north and south across the block, between Cambria street and Indiana avenue, to which strip the name "Rutledge avenue" is given in the claim filed. Some of the houses are described as fronting on one side and some on the other side of that strip or avenue. That does not necessarily make the houses fronting on one side so wholly separate and distinct from those on the other side of the street, as to prevent the inclusion of them all in one general apportioned lien within the meaning of the mechanics' lien law, any more than were the houses in Taylor v. Montgomery, 20 Pa. 443, or those in

Fitzpatrick v. Allen, 80 Pa. 292, or those in Kline's Appeal, 93 Pa. 422. In the first of these cases, thirty-two houses had been erected by the same person on one piece of land—one half of them on one street, and the others on an adjacent parallel street. The lots on which each row or block of houses, respectively, was erected adjoined each other in the rear. It was there contended that, inasmuch as the respective houses were on distinct streets and of different sizes, there could be no apportionment; but this court held otherwise. It is there said: "The mechanics' lien laws recognize the filing of one lien against several houses and the apportionment of the amount among them; but they do not define the cases in which such joint lien is proper. In order to obtain such definition, we must resort to the analogy of other cases, and the case of joint contracts requiring joint remedies is an obvious one." "Here all the buildings were put up by the owner at one time and on one lot, and the materials were furnished for them all jointly, and it was entirely proper to make them the subject of one apportioned lien."

In Fitzpatrick v. Allen, supra, an apportioned lien was filed against twenty houses, ten on south side of Christian street, between 23d and 24th streets, the lots extending south to a narrow alley, and ten on north side of Montrose street, between same streets as above, and the lots extending north to same alley. After noting the fact that the expression, "adjoining houses," in the act of 1831, was modified by the omission of the word "adjoining," in the 13th section of the amended act of 1836 and also in the act of April 25, 1850, and referring to several adjudicated cases, it is there said: "Thus it is evident, from the current of legislation and judicial decision, that the chief criterion in these cases of apportioned liens is the contract under which the claim arises, while the characteristic of the adjoinder of the buildings is not so prominent. Indeed, its omission, both in the act of 1836 and 1850, shows a decided want of attention to it in the legislative mind. . . . Under the spirit of legislation and decision we may hold, with perfect confidence, that where two blocks of houses, built under the same contract, are not divided by a public street or alley, but merely by a private way, the right of which belongs

to both blocks, there is not such a severance as will prevent an apportionment of the claim among the several houses."

Kline's Appeal, supra, is substantially on the same lines as Fitzpatrick v. Allen, and is expressly ruled by it. It is there said : " The space of sixty feet, between these blocks of houses, was not a public street ; it had not been dedicated as such before the buildings were commenced, whatever may have been the intention of the parties. That time is the period to be looked to as to the right of the mechanic."

The last expression is significant, in that it fixes the time when the rights of mechanics and material-men attach, viz. : when the buildings were commenced. This is in full accord with the spirit as well as the letter of our lien law, and is undoubtedly correct.

Without further elaboration, we think the facts of the case at bar bring it within the principles enunciated in the cases above cited, especially Fitzpatrick v. Allen, and Kline's Appeal, and it should be ruled accordingly.

While we are not sure that the amendment asked for was necessary, we think it should have been allowed, without prejudice to intervening rights, if any there be.

Both orders of the court below are reversed and set aside with costs to be paid by the appellee ; and it is now ordered and adjudged that the rules to strike off the lien be discharged, and that the rule to show cause why the lien should not be amended be reinstated and made absolute without prejudice to intervening rights, if there be any.